### Enos Parsons *vs.* William E. Topliff.

Hampshire. Sept. 22, 1875. — Jan. 4, 1876. Ames & Devens, JJ., absent.

In an action by an assignee in bankruptcy to recover the value of personal property upon the ground that it was transferred to the defendant in fraud of the bankrupt act, it appeared that, more than four months before the filing of the petition in bankruptcy, two of the creditors of the bankrupt brought suits against him and attached the property in question, which was placed by the officer in the charge of the defendant, who receipted therefor in the usual form. The bankrupt afterwards executed a bill of sale of the attached property to the defendant, who sold a part of it and applied the proceeds to the satisfaction of the executions in the suits of the

attaching creditors. The jury were instructed that if the arrangement between the defendant and the bankrupt was to the effect that the property shoul l be sold and the proceeds applied towards the payment of the debts of the attaching creditors, without regard to attachments, and without a demand perfected in execution, that would be a preference, and in that case the defendant could claim no protection under the attachments ; but if the understanding and intent was that the proceeds of the property should be held by the defendant as security against his liability on his receipts and applied on the debts only upon demand duly made on execution, and the sales were in good faith and the proceeds in fact applied on the executions, the defendant could claim protection under the attachments, unless it appeared that the parties intended a preference, or a fraud to prevent the property from distribution under the bankrupt act. *Held*, that the instruction was sufficiently favorable to the plaintiff, and that he had no ground of exception.

In an action by an assignee in bankruptcy to recover the value of personal property upon the ground of a fraudulent preference, the plaintiff requested the court to instruct the jury " that the transfer in any case by a debtor of a large portion of his property, while he is insolvent, to one creditor, without making provision for an equal distribution of its proceeds to all his creditors, necessarily operates as a preference to him, and must be taken as conclusive evidence that a preference was intended, unless the debtor can show that he was at the time ignorant of his insolvency, and that his affairs were such that he could reasonably expect to pay all his debts. The burden of proof is upon him, in such a case, and not on the assignee." This instruction was not given, and the jury were instructed that the burden of proof throughout was on the plaintiff, but that the intent of the parties might be inferred from their acts, and that, if the conveyance to the defendant was out of the usual and ordinary course of business, the statute made it *primâ facie* evidence of the fraudulent intent of the parties. *Held*, that the instruction given was correct ; and that the plaintiff had no ground of exception.


MORTON, J. This is an action, brought by. the assignee in bankruptcy of George and Philo Pomeroy, to recover the value of certain personal property, upon the ground that it was transferred by the bankrupts to the defendant in fraud of the provisions of the bankrupt law.

It appeared that more than four months before the filing of the petition in bankruptcy, two of the creditors of the bankrupts brought suits against them and attached the property in question. On the same day on which the attachments were severally made, the defendant receipted for the property attached, in the usual form, agreeing to keep the property safely and to redeliver it to the officer, so that it might be taken on execution. The effect of these receipts was to make the defendant the agent of the officer to hold the property. The attachments still continued, and as they were not dissolved by the bankruptcy proceedings the assignee could not hold the receiptor liable to him for the property

or its value, but the latter was liable to the officer. *Ives* v. *Sturgis*, 12 Met. 462.

But it also appeared that after the defendant had given the receipts the bankrupts executed to him a bill of sale of the attached property, and that he sold a part of it and applied the proceeds to the satisfaction of the executions taken out in the suits of the attaching creditors.

The plaintiff contended that this bill of sale was in fraud of the bankrupt law, and the defendant claimed that it was given to him merely for the purpose of securing him as receiptor. Upon this part of the case, the court, against the objection of the plaintiff, instructed the jury " that if the arrangement between the defendant and the Pomeroys was to the effect that the property should be sold and the proceeds applied toward the payment of the debts of the attaching creditors, without regard to attachments, and without a demand perfected in execution, that would be a preference, and in that case the defendant could claim no protection under the attachments ; but if the understanding and intent was that the proceeds of the property should be held by the defendant as security against his liability on his receipts, and applied on the debts only upon demand duly made on execution, and the sales were in good faith and the proceeds in fact applied on the executions, the defendant could claim protection under the attachments, unless it appeared that the parties intended a preference, or a fraud to prevent the property from distribution under the bankrupt act."

We are of opinion that this instruction was sufficiently favorable to the plaintiff. In order to avoid the transfer to the defendant as a fraud upon the bankrupt law, it was incumbent upon the plaintiff to prove that the defendant, when he took the transfer, knew that the transfer was made by the Pomeroys with a view to prevent the property from coming to their assignee in bankruptcy, or to evade some of the provisions of the bankrupt aw. U. S. St. 1867, *c.* 176, § 35. U. S. Rev. Sts. § 5129.

Under the instructions given them, the jury must have found that the transfer was not made with the intent to evade any of the provisions of the bankrupt law, but merely as security for the liability of the defendant on his receipts.

The bankrupt law does not render such a transfer, made in good faith, voidable by the assignee. It is not tainted with any fraudulent intent to evade the provisions of the law, and its effect cannot be, either to give a preference to creditors, or to prevent any property from going to the assignee to which he is entitled. As there were valid attachments not dissolved by the bankruptcy, the assignee, after his appointment, had no interest in the property unless there was more than enough to satisfy the liens created by the attachments. If there had been a surplus in the defendant's hands, after satisfying such liens, the assignee might have been entitled to it, but under the instructions the jury must have found that the property and its proceeds were applied on the executions, so that there was no surplus.

One other exception remains to be considered. Upon the question whether the parties to the bill of sale knew or had reasonable cause to believe that the Pomeroys were insolvent and intended to give a preference, or to prevent the property or its proceeds from coming to the assignee, the plaintiff requested the court to give the following instruction to the jury: "The transfer in any case by a debtor of a large portion of his property, while he is insolvent, to one creditor, without making provision for an equal distribution of its proceeds to all his creditors, necessarily operates as a preference to him and must be taken as conclusive evidence that a preference was intended, unless the debtor can show that he was at the time ignorant of his insolvency, and that his affairs were such that he could reasonably expect to pay all his debts. The burden of proof is upon him in such a case, and not on the assignee." The court refused to give this instruction, and instructed the jury "that the burden of proof throughout was on the plaintiff, but that the intent of the parties might be inferred from their acts, and that if the conveyance to the defendant was out of the usual and ordinary course of business, the statute made it *primâ facie* evidence of the fraudulent intent of the parties." This instruction was correct.

The plaintiff had the affirmative upon each of these propositions, and the burden rested upon him to prove them. *Forbes v. Howe*, 102 Mass. 427.

If the plaintiff proved that the transfer to the defendant was not made in the usual and ordinary course of business of the

tankrupts, this fact would be *primâ facie* evidence of fraud ; but the burden of proof would not be changed. *Blanchard* v. *Young,* 11 Cush. 341. *Central Bridge Corporation* v. *Butler,* 2 Gray. 130. *Wilder* v. *Cowles,* 100 Mass. 487.

The instruction requested by the plaintiff was inconsistent with these principles, and was therefore properly refused. The plaintiff relies upon the case of *Toof* v. *Martin,* 13 Wall. 40 ; but the adjudication in that case is not in conflict with the rule we have stated. Some of the language of the opinion countenances a different rule ; but in the later case of *Wager* v. *Hall,* 16 Wall. 584, the court have interpreted the decision to be in conformity to the well established principles adopted in the instructions in the case at bar.                    *Exceptions overruled.*

*C. Delano,* for the plaintiff.

*W. G. Bassett,* for the defendant.

