WARREN T. BUSH & another *vs.* WILLIAM A. MOORE & others.

Worcester. Oct. 6, 1881. — July 3, 1882. LORD, W. ALLEN & C. ALLEN, JJ., absent.

A guardian, who had misappropriated money belonging to his ward, being insolvent, within six months before the filing of a petition in insolvency against him, and with a view to give a preference to his ward, deposited his own money in a savings bank in his name as guardian of the ward. *Held,* that his assignee in insolvency could maintain a bill in equity to recover the amount so deposited, although the ward was ignorant of the misappropriation and of the fact of the guardian's insolvency.

DEVENS, J. The defendant William A. Moore, being the guardian of his minor son, William A. Moore, Jr., wrongfully appropriated to his own use the funds of his ward; but within six months preceding his petition in insolvency, being then insolvent and intending to restore the funds he had thus wrongfully appropriated, deposited in the defendant savings banks the sum of $1500 derived from his private property, in his own name as guardian of William A. Moore, Jr., this sum being equal to the amount of these funds with interest. This money the plaintiffs, who are the assignees in insolvency of William A. Moore,

seek by this bill in equity to recover as a preference, said Moore at the time knowing that he was insolvent and acting in contemplation of insolvency. There was no evidence that William A. Moore, Jr. knew anything of this misappropriation of his funds, or in relation to the insolvency of his father.

The plaintiffs rely on the Gen. Sts. *c.* 118, § 89, which, abbreviated, is as follows: "If any person, being insolvent or in contemplation of insolvency, with a view to give a preference to any creditor or person having a claim against him, makes any payment, pledge, assignment, transfer or conveyance of any part of his property, either directly or indirectly, absolutely or conditionally, the person receiving such payment or to be benefited thereby, having reasonable cause to believe such person is insolvent, the same shall be void; and the assignees may recover the property, or the value of it, from the person so receiving it or so to be benefited."

That preferences or transactions which may operate as such, or to protect or secure one who has a claim against the estate of an insolvent, are lawful, except so far as they are in violation of the provisions of the insolvent law, will not be controverted.

It is contended that the ward was not a creditor of the guardian or a person having a claim against him; and that the transaction therefore, by which the guardian sought to relieve himself from civil responsibility at least for his wrongful act in misappropriating the funds of the ward's estate by restoring them to the estate, could not constitute a preference which would be voidable by reason of the insolvency. Had the ward come of age, and had this misappropriation of funds continued, it is argued, there would have been no claim by the ward which could have been the foundation of an action. His remedy would have been to summon the guardian into the Probate Court to settle his accounts, and, upon this settlement, to have it determined what balance was due, and whether the ward's property had been misappropriated. If, upon the adjudication of the Probate Court, a balance appeared to be due from the guardian, or if he failed to account, there would then have been a remedy which would be the only one afforded by law or equity for failure to account, or for failure to comply with the decree of the Probate Court.

*Brooks* v. *Brooks*, 11 Cush. 18. *Moore* v. *Hazelton*, 9 Allen, 102. *Simmons* v. *Almy*, 100 Mass. 239.

The title to the property of one under guardianship continues always in the ward; the guardian has its custody merely; if, availing himself of that custody, he wrongfully uses it, there is a just claim on the part of the ward that the integrity of the fund shall be restored. It is not important in what form the ward is compelled to seek his remedy, or that the wrongful act of the guardian will not immediately afford a ground of action against him. Even if, upon a settlement in the Probate Court, it might have been held that the lawful and proper charges of the guardian would exceed the amount of his spoliations, there was not the less a just claim that the ward's property which had been unlawfully dealt with should be replaced.

But, even if there were a claim on behalf of the ward, which could be the subject of a preference, it is contended that the transaction under discussion cannot be invalidated; that the statute of insolvency contemplates that there shall be two persons acting in violation of its provisions, in order that an attempted preference shall be unlawful: one, the person insolvent, or in contemplation of insolvency, seeking to give the preference; the other, the person receiving the same or to be benefited thereby, having reasonable cause to believe that the person making the same is insolvent or in contemplation of insolvency. But, where the same person acts as the giver and receiver of the security, the concurrence and participation of two parties to the fraudulent preference exists. That the insolvent intended this preference is clear; it is he also who in his capacity of guardian received it, and the ward must be bound by his knowledge. Had the guardian received the money in question from a third person who owed the ward, the reasonable cause to believe such third person insolvent, possessed by him, would affect the ward; such knowledge would not the less affect the ward because instead of a third person the guardian was himself the debtor. The ward was the victim of the original spoliation of his estate; for this he has an appropriate remedy, which should be sufficient, upon the guardianship bond. He had no part in the attempt of the guardian to purge his fraud, and no reasonable cause to believe the guardian insolvent is shown on his part; but the money

transferred to him was not the less transferred by one in contemplation of insolvency and received by one who had such reasonable cause. One individual acting in two capacities, as debtor and on behalf of the creditor, may constitute the two persons contemplated by the statute. *Decree accordingly.*

*W. S. B. Hopkins*, for the plaintiffs.

*F. P. Goulding & F. H. Dewey, Jr.*, for the defendants.