JOHN F. DOWNING & others *vs.* HENRY V. CUNNINGHAM,
trustee in bankruptcy, & others.

Suffolk.    January 25, 26, 1926. — June 2, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, & SANDERSON, JJ.

*Trust*, Constructive. *Equity Jurisdiction*, To follow fund fixed with a
trust. *Fraud. Bankruptcy.*

A fraudulent person obtained from various other persons through fraud
$47,669 which he deposited in a bank in an account which contained
no other funds.   He afterwards drew $45,000 from the deposit and
then was adjudicated a bankrupt and his trustee in bankruptcy drew
the remaining $2,669.   Thirty of the victims of the fraudulent person,
from whom he had procured $10,745 of the fund thus deposited by him,
in a suit in equity against the trustee in bankruptcy sought to impress
the $2,669 with a trust in their favor.   It did not appear in what order
payments to the fraudulent person had been made by the thirty plain-
tiffs and by the other defrauded persons.   *Held*, that, there having
been no funds of the fraudulent person in the account in the bank, the
rules of *Hewitt* v. *Hayes*, 205 Mass. 356, and *Knatchbull* v. *Hallett*,
L. R. 13 Ch. D. 696, did not apply, and the plaintiffs had failed to trace
any moneys of theirs into the deposits remaining in the trust company.

BILL IN EQUITY, filed in the Supreme Judicial Court for the
county of Suffolk on July 10, 1922, and afterwards amended,
to establish a trust as described in the opinion.

The defendants demurred.   The demurrer was overruled
by *Braley*, J.   The suit was referred to a master.   Material
facts found by the master are stated in the opinion.   The
master's report was confirmed.   Upon a hearing by *Wait*, J.,
a final decree was entered dismissing the bill.   The plaintiffs
appealed.

*F. T. Leahy*, for the plaintiffs.

*E. J. Owens*, for Cunningham, trustee in bankruptcy for
Charles Ponzi.

*F. H. Smith, Jr.*, for Hanover Trust Company, filed a
statement in writing.

PIERCE, J.   This amended bill in equity is brought by
thirty individual plaintiffs against the trustee in bank-

ruptcy of one Charles Ponzi and the Hanover Trust Company, seeking to establish severally in behalf of each plaintiff a trust in a fund, alleged to be on deposit in the Hanover Trust Company and in the Industrial Trust Company of Providence, Rhode Island, to the account of Charles Ponzi or his trustee in bankruptcy, Henry V. Cunningham. No service was made on the Industrial Trust Company, and it has neither appeared nor answered. The trustee in bankruptcy demurred on different grounds to the amended bill. The demurrer was overruled and the trustee duly appealed. Subsequently answers were filed and the case then was referred to a master to hear the parties, find the facts, and report to the court. The master heard the parties and made report with such objections as were taken thereto. Exceptions were duly filed but subsequently waived by the plaintiffs and defendants. The report of the master was confirmed, and a final decree was entered dismissing the bill. The case is before this court on the appeals of the plaintiffs from the final decree, and of the trustee in bankruptcy from the decree overruling the demurrer.

The plaintiffs concede they are unable to trace any part of their moneys into any fund in the Hanover Trust Company which came into the possession of the trustees in bankruptcy of Charles Ponzi, or which could have come into their possession, and therefore do not argue on those allegations or prayers of the bill which ask that moneys in the Hanover Trust Company be impressed with a trust in favor of any of the plaintiffs.

The only question before this court is whether the decree of the single justice was warranted on the pleadings and report. *Haskell* v. *Merrill*, 179 Mass. 120. The history of the "Ponzi fraud" in 1919 and 1920 has been set forth sufficiently in previous decisions and need not be repeated here. See *Cunningham* v. *Brown*, 265 U. S. 1; *Levenbaum* v. *Hanover Trust Co.* 253 Mass. 19. All the plaintiffs between June 30 and July 26, 1920, inclusive, invested with Ponzi through his agent in Providence, Rhode Island, without knowledge that the whole scheme was a swindle, in reliance upon the specific representations made by the agent and on the stories

circulated and spread by Ponzi of enormous profits that had been made in dealing in international postal coupons and in foreign exchange. All moneys received from any source by the agent of Ponzi in Providence were deposited in the Industrial Trust Company of Providence, in the name of Securities Exchange Company, and were withdrawn by Ponzi from time to time. The dates of these deposits do not appear in the report, but the record shows that the last payment made to the agent of Ponzi by any one of the plaintiffs was made by the plaintiff Carney, who paid $500 on July 26, 1920. The total amount of money invested by all the plaintiffs with Ponzi which was deposited by the agent in the Industrial Trust Company was $10,745. On August 4, 1920, the balance to the credit of the Securities Exchange Company was $47,669.48, and consisted entirely of moneys received either from the plaintiffs or from other persons similarly defrauded by Ponzi. On August 4, 1920, $45,000 of this balance was withdrawn by Ponzi and deposited in the Hanover Trust Company in the name of Lucy Martelli, trustee, leaving in the Industrial Trust Company a balance of $2,669.48. This balance remained on deposit in the Industrial Trust Company until the trustees of the Ponzi estate took possession. This amount, with accrued interest of $35.67, was withdrawn by the trustee in bankruptcy, as follows: On March 11, 1921, $745.15; on March 19, 1921, $1,960; and "was paid out by the trustee in the regular course of administration of the estate of Charles Ponzi."

With respect to the $45,000 which was transferred from the name of the Securities Exchange Company in the Industrial Trust Company at Providence, and deposited in the Hanover Trust Company in the name of Lucy Martelli, trustee, this account was exhausted on August 7, by check honored by the Hanover Trust Company; but the Hanover Trust Company continued to honor checks drawn on this account, and on an account in the name of Pio Conti, until August 9, 1920, when the accounts were overdrawn in the sum of $441,778.07, and this account continued overdrawn at the time the bank commissioner took possession of the business and property of the Hanover Trust Company,

August ·11, 1920, as also when Ponzi was adjudicated a bankrupt on October 25, 1920.

The plaintiffs no longer contend that they are able to trace any money of theirs which was a part of the $45,000 transferred to the Hanover Trust Company, and the question which remains for decision is whether they had an equitable lien on the balance, $2,669.48, which remained after the withdrawal of the $45,000. In the determination· of this question it is to be observed that Ponzi at no time had on deposit in the Industrial Trust Company in his own name or in the name of another any money which was not the money of these plaintiffs or of some other person defrauded by the swindle of Ponzi. The rule of *Hewitt* v. *Hayes*, 205 Mass. 356, that a trustee will be presumed to have made withdrawals from his own part of a mixed fund so long as there remains available in the fund any part of the trustee's own money, can have no application where, as here, the trustee had in the fund no moneys which he could withdraw rightfully. A like rule is found in *Knatchbull* v. *Hallett*, L. R. 13 Ch. D. 696, of which as applied to the "Ponzi fraud" the court in *Cunningham* v. *Brown*, 265 U. S. 1, 13, said: "Considering the fact that all this money was the result of fraud upon all his dupes, it would be running the fiction of *Knatchbull* v. *Hallett* into the ground to apply it here. The rule is useful to work out equity between a wrongdoer and a victim; but when the fund with which the wrongdoer is dealing is wholly made up of the fruits of the frauds perpetrated against a myriad of victims, the case is different. To say that, as between equally innocent victims, the wrongdoer, having defeasible title to the whole fund, must be presumed to have distinguished in advance between the money of those who were about to rescind and those who were not, would be carrying the fiction to a fantastic conclusion." Nor is the rule of *Clayton's Case*, 1 Meriv. 572, to the effect that checks are presumed to have been drawn and applied against funds which the drawer could withdraw rightfully as against these plaintiffs and others defrauded, of avail.

Just prior to the $45,000 withdrawal, the deposit of Ponzi

in the Industrial Trust Company consisted in part of $10,745 of the money received from the plaintiffs, and $36,924.48 which had been received from other defrauded persons. There is nothing in the report to show the order in which this $10,745 was deposited in reference to the $36,924.48. The first payment, $50, was made to the Providence agent on June 30, 1920; the last payment, $500, on July 26, 1920; the other payments of the thirty plaintiffs range between these dates. Between July 26, 1920, and August 4, 1920, when the $45,000 was withdrawn, there is nothing in the record to show how much or how little money which came from defrauded persons other than the plaintiffs was deposited by Ponzi's agent in the account. The $10,745 of the plaintiffs might have been deposited before the deposit of $36,924.48, which represented money received by other depositors, and might or might not have been a part of the $45,000 withdrawn on August 4, 1920, and deposited in the Hanover Trust Company.

In order to sustain the plaintiffs' claim, it must appear that some or all of the moneys of the plaintiffs was not included in the $45,000; that the $2,669.48 remaining on deposit after the withdrawal of the $45,000 was the money of the plaintiffs or of some one or more of them; that all the $36,924.48 received from defrauded persons was deposited in the Industrial Trust Company before the plaintiffs' money was deposited; and that the balance, $2,669.48, was the money in whole or in part of the plaintiffs. We are of opinion the plaintiffs have failed under the rules of *Hewitt* v. *Hayes, supra, Knatchbull* v. *Hallett, supra,* and *Cunningham* v. *Brown, supra,* to trace any moneys of theirs into the deposits remaining in the trust company on August 5, 1920. It results that the decree must be affirmed with costs.

*Decree accordingly.*