FREDERICK P. HANFORD, trustee in bankruptcy, *vs.*
EDMUND D. CODMAN & another, trustees.

Suffolk.    November 14, 1928. — January 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bankruptcy*, Preference.

At the trial of an action by a trustee in bankruptcy against a former land-
lord of the bankrupt to recover an alleged preference under § 60b
of the national bankruptcy act, counsel for the plaintiff in his opening
to the jury stated the following as the facts he expected to prove:
More than four months before the adjudication of the bankrupt, an
action for rent in arrears was commenced against him by the land-
lord, in which attachments of personal property and by trustee process
were made. At that time the tenant, to the knowledge of the land-
lord, was insolvent. Within four months of the adjudication, and after
rent for another month had accrued, the tenant gave the landlord a
chattel mortgage on the property attached and an assignment of
money due from the trustee, and also paid the landlord a sum of
money in cash, which was "applied on account of said prior indebted-
ness", leaving a balance due; and the attachments thereupon were
dissolved and the action discontinued. Money subsequently received
by the landlord under the assignment and from a sale of the property
under foreclosure of the mortgage, was applied by the landlord to
the whole indebtedness of the tenant. The landlord knew that the
effect of these transactions was to give him a greater percentage of
his claim than other creditors of the same class would receive in the
bankruptcy proceedings. In one count of the declaration the plaintiff
sought to recover the value of the mortgaged property, in a second
count to recover the amount received by the defendant under the
assignment, and in a third count to recover the sum paid in cash by
the tenant. At the close of such opening statement, the trial judge
ordered a verdict for the defendant. *Held*, that
    (1) The mortgage and the assignment did not appear to constitute
a more valuable security for the preëxisting indebtedness of the bank-
rupt than the attachments; and, since the attachments were made
more than four months before the adjudication and were valid, the
substitution therefor of the mortgage and assignment did not constitute
a voidable preference;
    (2) The verdict properly was ordered for the defendant on the first
and second counts;
    (3) The payment in cash appearing to have been applied to the
preëxisting indebtedness, a question was raised whether the payment

constituted a voidable preference under said § 60b; the verdict therefore erroneously was ordered for the defendant on the third count, as to which there must be a new trial.

CONTRACT by the trustee in bankruptcy of J. Murray Quinby, Inc. to recover a preference. Writ dated June 18, 1927.

The first and second counts of the declaration related to the chattel mortgage, described in the opinion, given by the bankrupt to the defendants; the third and fourth counts to the assignment of money due the bankrupt from Lucerne-in-Maine Community Association; and the fifth and sixth counts to the payment of $235 by the bankrupt. The plaintiff sought to recover the value of the mortgaged property, the sum received by the defendants from Lucerne-in-Maine Community Association, and the sum of $235.

The action was tried in the Superior Court before *Flynn*, J. Counsel for the plaintiff in his opening to the jury stated that, on November 24, 1926, the defendants foreclosed the chattel mortgage and applied the proceeds from the sale of the property to the bankrupt's indebtedness. Other material allegations by counsel are stated in the opinion. Upon a motion by the defendants at the close of such opening statement, the judge ordered a verdict for the defendants. The plaintiff alleged exceptions which, after the death of *Flynn*, J., were allowed by *Bishop*, J.

*H. Williams, Jr.,* (*F. P. Hanford* with him,) for the plaintiff.
*T. R. Bateman,* for the defendants.

CROSBY, J. This is an action of contract, brought by the plaintiff as trustee in bankruptcy of J. Murray Quinby, Inc. (hereinafter referred to as Quinby, Inc.), to recover for an alleged preference. The case was heard by a judge of the Superior Court and a jury. After the plaintiff's counsel had stated in his opening the facts which he intended to prove, the presiding judge, on the defendants' motion and subject to the plaintiff's exception, directed the jury to return a verdict for the defendants. The question presented is whether upon the record this direction was error.

The facts that the plaintiff's counsel stated in his opening he would prove are as follows: The plaintiff is the trustee in

bankruptcy of Quinby, Inc., which was a tenant of the Berkley Hotel Trust, owing $985 for arrears of rent. To recover this rent, on July 20, 1926, the defendants, as trustees of the Berkley Hotel Trust, brought an action in the Municipal Court of the City of Boston against Quinby, Inc. by trustee process, and attached funds in the hands of the trustees named in the writ; and on July 23, a deputy sheriff for Suffolk County by direction of the defendants made an attachment on said writ of all the personal property of Quinby, Inc., and placed a keeper in charge of it. The writ was returnable on August 14, 1926. On August 3, 1926, Quinby, Inc. gave the defendants a chattel mortgage on the property in charge of the keeper, and an assignment of the money due from Lucerne-in-Maine Community Association, one of the trustees named in the writ, to secure the payment of the money which was due these defendants and for an additional month's rent amounting to $125 which was due and payable August 1, 1926. After the mortgage had been recorded, the assignment executed and assented to by the Lucerne-in-Maine Community Association, and $235 in cash paid, the defendants removed the keeper, discharged the trustees and discontinued the action.

At the time the attachments were made Quinby, Inc. was hopelessly insolvent and that fact was known to the defendants. On August 1, Quinby, Inc. owed the defendants $1,110. The payment of $235 to the defendants on August 3 was applied on account of the prior indebtedness and left a balance of $875. The petition in bankruptcy of Quinby, Inc. was filed on December 2, 1926. Between August 3, 1926, the date of the assignment of the account owed by Lucerne-in-Maine Community Association, and December 2, 1926, the date of bankruptcy, this association paid to the defendants certain amounts under the assignment, which were applied by the defendants to the indebtedness of $875. The effect of the mortgage, assignment and payment of cash, or any of them, is to give the defendants a greater percentage of their claim than other creditors of the same class will receive in the bankruptcy proceedings, which fact was known to the defendants. The action in which the attachments were

made was for the indebtedness of $985 hereinbefore referred to; and the assignment and the mortgage given on August 3 were to secure the same indebtedness plus the amount of rent due August 1, 1926, less the payment in cash of $235 on August 3. It is plain that as all the attachments were made in July, 1926, they were more than four months old when the petition in bankruptcy was filed on December 2.

It is the contention of the plaintiff that, upon his opening, if the facts therein stated were established, the mortgage, assignment and cash payment constituted a preference under § 60b of the bankruptcy act. Under that act it is settled that a substitution of one security for another, the former security being retained by the creditor until the new one is received, is not a preference unless the new security is more valuable than the old one, and then it is a preference only for the amount of the excess. In *Sawyer* v. *Turpin*, 91 U. S. 114, at pages 120, 121, it was said: "It is too well settled to require discussion, that an exchange of securities within the four months is not a fraudulent preference within the meaning of the Bankrupt Law, even when the creditor and the debtor know that the latter is insolvent, if the security given up is a valid one when the exchange is made, and if it be undoubtedly of equal value with the security substituted for it. This was early decided with reference to the Massachusetts insolvent laws (*Stevens* v. *Blanchard*, 3 Cush. 169); and the same thing has been determined with reference to the Bankrupt Act." The ground upon which this conclusion rests is that the exchange takes nothing away from the other creditors. That such substitution of security is not a fraudulent preference has been held in numerous decisions. *Forbes* v. *Howe*, 102 Mass. 427, 433. *Clarke* v. *Second National Bank*, 177 Mass. 257, 265. *Rolfe* v. *Clarke*, 224 Mass. 407. *O'Connell* v. *Worcester*, 225 Mass. 159, 162. See also *Atherton* v. *Emerson*, 199 Mass. 199; *Cook* v. *Tullis*, 18 Wall. 332; *Stewart* v. *Platt*, 101 U. S. 731, 743. A similar conclusion has been reached in other cases. *In re Reese-Hammond Fire Brick Co.* 181 Fed. Rep. 641, 643. *In re Endlar*, 192 Fed. Rep. 762. *In re E. T. Russell Co. Inc.* 291 Fed. Rep. 809. *Hopkins* v. *National Shawmut Bank of Boston*, 293 Fed. Rep. 884.

We do not understand the plaintiff to contend that the law is not as stated in the cases above cited, but that the attachments of the chattels and accounts receivable were not of equal value with the mortgage and assignment and that the payment of $235 in cash amounted to an unlawful preference. The attachments which were made more than four months before the petition in bankruptcy was filed were not a less valuable security than the security created by the mortgage and assignment. The plaintiff, in his opening, stated that at the time of the attachments the debtor owed the defendants $985 for back rent and other charges which had been accumulating for several months, and that the rent for the month of August, 1926, became due and payable on the first day of that month, making the total indebtedness $1,110. On August 3, 1926, in addition to the giving of the mortgage and assignment to the defendants, the debtor paid the $235 in cash as a part of the same transaction, which was applied on the prior indebtedness of $1,110 and left a balance due of $875.

It is admitted by the plaintiff in his opening that at the time of the attachments Quinby, Inc. owed the defendants $985, all of which was then overdue, and that the officer who served the writ made an attachment of personal property. It is plain that upon these facts the attachments were made to recover an undisputed preëxisting debt. The lien obtained by the attachments was a valid security within the meaning of the bankruptcy act, for which security a mortgage on the property could be substituted as the attachments were more than four months old before the petition in bankruptcy was filed. As was said in *Parsons* v. *Topliff*, 119 Mass. 245, at page 248, "As there were valid attachments not dissolved by the bankruptcy, the assignee, after his appointment, had no interest in the property unless there was more than enough to satisfy the liens created by the attachments." *Cook* v. *Tullis, supra.  Sawyer* v. *Turpin, supra.   Metcalf* v. *Barker*, 187 U. S. 165.

The only question which remains to be considered is whether the payment of $235 in cash was a preference. The statement of counsel in the opening that "the payment of $235 by J. Murray Quinby, Inc. to the defendants

on August 3, 1926, was applied on account of said prior indebtedness of $1,110, and left a balance due of $875," shows that this payment must have been so applied with the assent of the creditor if not by his own volition. After it had thus been appropriated with the assent of the creditor to the reduction of the principal debt, it could not thereafter be charged to some other obligation or indebtedness. The exceptions as to counts one, two, three and four are overruled. Those as to counts five and six are sustained; the new trial is to be confined to the issue raised by these counts. *Simmons* v. *Fish*, 210 Mass. 563.

*So ordered.*