# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

SOLOMON BAKER, trustee in bankruptcy, *vs.* FINLAY
CHISHOLM.

Middlesex.    November 8, 1928. — June 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bankruptcy*, Preference. *Statute*, Construction. *Fraud*.

It is settled that at common law, apart from statute, a debtor lawfully
may prefer one creditor over another and may appropriate his property
for the benefit of one or more of his creditors to the exclusion of others,
provided that there be no secret trust for the benefit of the debtor in
such transactions. Per RUGG, C.J.

Within the provisions of § 60a of the national bankruptcy act as amended,
a transfer of property, by a person while insolvent and within four
months of the filing of a petition for his adjudication as a bankrupt,
cannot operate as a preference if it does not enable one of the creditors
of the bankrupt to obtain a greater percentage of his debt than the
other creditors of the same class.

If one, while insolvent and within four months of the filing of a petition
for his adjudication as a bankrupt, makes a conveyance of real estate,
subject to a mortgage, to one who knows of or has reasonable cause to
believe his insolvency, but the grantee subsequently is enjoined by
order of the United States District Court from selling, transferring
or encumbering said real estate, and the mortgage thereon is fore-
closed, with the result that the grantee never receives any money or
other benefit from the conveyance, the trustee in bankruptcy of the

grantor cannot maintain an action against the grantee to recover the fair value of the grantor's equity of redemption under § 60a and b of the national bankruptcy act as amended.

CONTRACT. Writ dated August 11, 1926.

The pleadings are described in the opinion. It appeared in the pleadings that the conveyance of real estate mentioned in the opinion was made on October 31, 1925; and that the petition in bankruptcy was filed November 11, 1925.

The action was heard by *F. T. Hammond,* J., in the Superior Court upon a demurrer by the plaintiff to a portion of the defendant's answer. The demurrer was ordered overruled by the judge, who reported the action for determination by this court, judgment to be entered for the defendant if the overruling of the demurrer was correct; otherwise the action to stand for trial.

The case was submitted on briefs.

*M. Barlofsky,* for the plaintiff.

*A. S. Howard,* for the defendant.

RUGG, C.J. This is an action of contract by a trustee in bankruptcy to recover the fair value of certain real estate alleged to have been conveyed by the bankrupt while insolvent, within four months of the filing of an involuntary petition in bankruptcy against him, and with intent to prefer the defendant at the expense of his other creditors, the defendant at the time knowing, or having reasonable cause to know, that the bankrupt was insolvent and unable to pay his debts and that such conveyance would operate as a preference. The defendant set up in his amended answer among other matters an equitable defence under G. L. c. 231, § 31, in substance as follows: The plaintiff, as attorney for one of the creditors who had joined in the petition that the defendant be adjudged a bankrupt because of the conveyance of said real estate, and three days after that petition had been filed, brought in the United States District Court on November 14, 1925, a petition wherein it was alleged that said real estate had been transferred to the defendant by the bankrupt while insolvent with intent to prefer the defendant over his other creditors, that the defendant had transferred said real estate to another person who intended to sell the same, and praying

for an injunction against the sale, transfer or encumbrance in any way of said real estate and that thereupon an injunction issued as prayed for, and that said injunction is still in force and has never been dissolved. The equitable defence further was that thereafter the plaintiff as attorney for the same creditor filed in the registry of deeds where the real estate lies a memorandum under G. L. c. 184, § 15, containing the material facts relating to the injunction; that thereafter the second mortgages on said real estate were foreclosed pursuant to power of sale therein contained and the defendant has never received any money or other benefit as a result of the conveyance to him by said alleged bankrupt; that thereafter, on April 2, 1926, the bankrupt was adjudicated a bankrupt and on July 30, 1926, the plaintiff was appointed and qualified as trustee of the estate of the bankrupt; and concluding with the averment that these facts entitle the defendant in equity to be unconditionally relieved against the plaintiff's cause of action. The plaintiff demurred to the part of the answer setting up an equitable defence on the ground in substance that it presented no bar to this action. The judge entered an order overruling the plaintiff's demurrer and then reported the questions of law raised thereby.

The facts alleged in the defendant's answer must be accepted as true for the purposes of this decision. It is thereby manifest that the defendant has in fact gained no advantage whatever by the transfer and has not received thereby any greater percentage of his debt than other creditors. With the injunction outstanding against him and with the equity of redemption wiped out by foreclosure of mortgages, it is impossible that the defendant can ever receive anything from the transfer.

It is settled that at common law, apart from any inhibiting statute, a debtor may lawfully prefer one creditor above others and may appropriate his property for the benefit of one or more creditors to the exclusion of others. The only limitation on such transactions is that there can be no secret trust for the benefit of the debtor. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73, and cases there cited. *Banca Italiana Di Sconto* v. *Bailey,* 260 Mass. 151,

159, 160. In *Van Iderstine* v. *National Discount Co.* 227 U. S. 575, 582, Mr. Justice Lamar pointed out the contrast between fraudulent conveyance and preference in these terms; "One is inherently and always vicious; the other innocent and valid, except when made in violation of the express provisions of a statute. One is *malum per se* and the other *malum prohibitum*,—and then only to the extent that it is forbidden." It follows that the plaintiff can recover, if at all, only under the provisions of the bankruptcy laws.

The plaintiff's cause of action is founded on § 60b of the bankruptcy act of July 1, 1898, c. 541, 30 U. S. Sts. at Large, 544, 562, as amended by act of June 25, 1910, 36 U. S. Sts. at Large, 842, c. 412, § 11, the material words of which are: "If a bankrupt shall . . . have made a transfer of any of his property, and if, at the time of the transfer, . . . and being within four months before the filing of the petition in bankruptcy . . . the bankrupt be insolvent and the . . . transfer then operate as a preference, and the person receiving it . . . shall then have reasonable cause to believe that the enforcement of such . . . transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person . . . ."

The definition of a preference, so far as here material, is found in § 60a of the bankruptcy act as amended by act of February 5, 1903, 32 U. S. Sts. at Large, 799, c. 487, § 13, in these words: "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition . . . made a transfer of any of his property, and the effect of the enforcement of such . . . transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

We are not aware that the Supreme Court of the United States has passed upon the precise point raised on the facts relied on in the present answer. It was said in *New York County National Bank* v. *Massey*, 192 U. S. 138, 147: "Transfers of property, amounting to preferences, contemplate the parting with the bankrupt's property for the benefit of the creditor and the consequent diminution of the bankrupt's

estate." To the same effect are *National Bank of Newport* v. *National Herkimer County Bank,* 225 U. S. 178, 185, and *Continental & Commercial Trust & Savings Bank* v. *Chicago Title & Trust Co.* 229 U. S. 435, 443. These decisions do not quite reach to the facts here stated. Several decisions quite in point have been rendered by other courts. In *Peterson* v. *Nash Bros.* 50 C. C. A. 260, 263, it was said respecting the meaning of "preference" in said § 60a that such transfer of property "must be so done that the effect of the transfer will be to enable one creditor to obtain a greater percentage of his debt than any other creditor of the same class." In *Swarts* v. *Fourth National Bank,* 54 C. C. A. 387, 390, are these words by Judge Sanborn: "The meaning and effect of section 60a are the same as though it declared every transfer of his property by an insolvent to be a preference which has the effect to 'enable any one of his creditors to obtain a greater percentage of his debt' out of the property of the insolvent 'than any other of such creditors of the same class.' The test of a preference, under the act, is the payment, out of the bankrupt's property, of a larger percentage of the creditor's claim than other creditors of the same class receive." These words are found in *In re Star Spring Bed Co.* 265 Fed. Rep. (C. C. A.) 133, 135: "The assignment . . . operated as a preference, if thereby the estate of the Star Company was depleted . . . and the effect of the enforcement of the transfer would be to enable the bank the [assignee] to obtain a greater percentage of its debt out of the property of the insolvent than any other of its creditors of the same class." Several decisions by district courts of the United States are to the same effect. *Hart* v. *Emmerson-Brantingham Co.* 203 Fed. Rep. 60, 63. *Painter* v. *Napoleon,* 156 Fed. Rep. 289, 294. *In re Starkweather & Albert,* 206 Fed. Rep. 797, 801. *Eyges* v. *Boylston National Bank,* 294 Fed. Rep. 286, 289. It has been held in State courts of respectable authority that an essential part of the establishment of a voidable preference under said § 60a is that the effect of such transfer of property by the bankrupt will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

*Engel* v. *Union Square Bank*, 94 App. Div. (N. Y.) 244, 249, 250; affirmed in 182 N. Y. 544. *Brittain Dry-Goods Co.* v. *Bertenshaw*, 68 Kans. 734, 737. *Sellers* v. *Hayes*, 163 Ind. 422, 426. See *Slayton* v. *Drown*, 93 Vt. 290, 299, 300.

As matter of sound interpretation of the statute, we think that a preference cannot be made out under § 60a unless it is shown that the effect of such transfer, if allowed to stand, "will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Those are the words of the statute. It is a familiar canon of statutory construction that every clause and word of a legislative enactment must be given force and effect if practicable. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530. It would violate this canon to hold a creditor liable for property transferred to him by a bankrupt within the specified period provided the transferee was not thereby enabled to obtain a disproportionate payment on his debt as compared with other creditors of the same class. The main purpose of said § 60a and b in this particular is not to penalize a creditor to whom property has been transferred by a bankrupt contrary to the bankruptcy act, but to enable the recovery of property, so transferred, from a creditor who has made thereby a gain forbidden by the bankruptcy act.

Accepting the facts set forth in the answer as true, it seems plain that the defendant has not received, and cannot in the future receive by reason of the transfer, any percentage whatever of his debt against the bankrupt. If the estate of the bankrupt has been depleted, which does not appear, it would be accurate in the absence of further evidence to regard that result as flowing from the foreclosure of the second mortgages rather than from the transfer to the defendant.

The proceeding against the defendant on which the injunction issued appears to have been authorized by § 64b (2) of the bankruptcy act in the interest of the estate of the bankrupt although before the adjudication. Seemingly it was available to the plaintiff after his appointment as trustee if he had desired to take advantage of it.

All these factors in combination lead to the conclusion that

the demurrer was overruled rightly. There is nothing at variance with this result in *Rubenstein* v. *Lottow*, 223 Mass. 227.

In accordance with the terms of the report the entry may be

*Judgment for defendant.*