ABRAHAM KAMBERG, trustee in bankruptcy, *vs.* SPRING-
FIELD NATIONAL BANK.

Hampden.     September 18, 1935. — December 30, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Bankruptcy*, Preference, Reclamation. *Fraud. Practice, Civil*, Appeal,
Requests, rulings and instructions.

An appeal lies to this court from an order for judgment made in the
.Superior Court upon the report of an auditor whose findings were to
be final; and upon such an appeal requests for rulings of law are
immaterial, the only question being whether the order for judgment
was right on the facts found.
Though property obtained by fraud by a bankrupt before bankruptcy
is not properly part of his estate in bankruptcy and may be reclaimed
from the trustee if it can be traced among the assets of the estate,
if it cannot be so traced the creditor has only the claim of a general
creditor.
There was a voidable preference under § 60 of the national bankruptcy
act where one later adjudicated a bankrupt obtained money by fraud,
but thereupon paid it to others so that it could not be traced among
his assets and the creditor had no right to reclaim it in the subsequent
bankruptcy proceedings; and the creditor, at a time when the debtor
was insolvent and within four months before the filing of the petition
in bankruptcy, received from him a note for the amount of such
money secured by an assignment of accounts receivable of the debtor,
upon which the creditor subsequently collected the note in full, he at
the time of receiving the assignment having reasonable cause to
believe that its enforcement would effect a preference.

CONTRACT OR TORT. Writ dated May 28, 1934.

In the Superior Court, the action was referred to an
auditor whose findings were to be final. Upon the report
of the auditor, judgment for the plaintiff in the sum of
$843.47 was ordered by *Broadhurst*, J. The defendant
appealed.

The case was submitted on briefs.

*I. Fein*, for the defendant.

*B. D. Novak & A. Kamberg*, for the plaintiff.

LUMMUS, J. This is an action by the trustee in bank-
ruptcy of a corporation named the Fair Bag Company

to recover an alleged fraudulent preference amounting to $800. A few days before October 21, 1933, the corporation and one Godfrey engaged in the exchange or "kiting" of worthless checks. The check which Godfrey drew on a bank in Connecticut and gave to the corporation was deposited by the latter in the defendant bank, which credited the amount to the corporation, permitted the corporation to draw against it, and paid the checks so drawn. Godfrey's check was returned unpaid to the defendant bank.

The defendant bank at once demanded reimbursement. The corporation had no money, but gave the bank its note for $800, dated October 21, 1933, secured by an assignment of accounts receivable, upon which, between that date and December 20, 1933, the bank collected $800 in satisfaction of the note. When the note was given and at all later times the corporation was insolvent (*Jump* v. *Bernier,* 221 Mass. 241, 247), and the bank had reasonable cause to believe that the corporation was insolvent and that the transfer of the accounts receivable, if enforced, would effect a preference. *Putnam* v. *United States Trust Co.* 223 Mass. 199, 205. *Wasserman* v. *Hollidge,* 267 Mass. 460, 470, and cases cited. *Brown* v. *Palmer Clay Products Co.* 290 Mass. 108. An involuntary petition in bankruptcy against the corporation was filed on December 9, 1933, and it was adjudicated a bankrupt on February 5, 1934.

The judge ordered judgment for the plaintiff for $800 and interest, and the defendant bank appealed. This was proper practice. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 449. *Gagnon* v. *Ainsworth,* 283 Mass. 488. Since the case was presented on the report of an auditor whose findings of fact were to be final, the requests for rulings are unimportant, and need not be discussed. *Howland* v. *Stowe,* 290 Mass. 142, 146. The only question is, whether the order for judgment was right upon the facts found. That depends upon whether the transaction was a preference.

Under § 60a of the bankruptcy act (U. S. C. Title 11, § 96a) "a person shall be deemed to have given a preference if, being insolvent, he has, within four months before the

filing of the petition, or after the filing of the petition and before the adjudication, . . . made a transfer of any of his property, and the effect of the enforcement of such . . . transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." If a preference is given, it may be avoided by the trustee and the property or its value recovered, if "the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such . . . transfer would effect a preference." An intent to prefer is not essential to a preference. *Rogers* v. *American Halibut Co.* 216 Mass. 227. See *Wilson* v. *Mitchell-Woodbury Co.* 214 Mass. 514, 517, 518. This case does not involve § 67e of the bankruptcy act (U. S. C. Title 11, § 107 [e]), dealing with fraudulent transfers. *Coder* v. *Arts*, 213 U. S. 223. *Van Iderstine* v. *National Discount Co.* 227 U. S. 575. *Dean* v. *Davis*, 242 U. S. 438. *Adams* v. *Champion*, 294 U. S. 231, 235. *Baker* v. *Chisholm*, 268 Mass. 1, 3, 4.

The essence of a preference is a diminution of assets which, unless corrected, would result in unequal distribution. *Baker* v. *Chisholm*, 268 Mass. 1, 4, 5. *Comparone* v. *M. J. Caplan Co. Inc.* 270 Mass. 74, 79. *Citizens' National Bank of Gastonia* v. *Lineberger*, 45 Fed. Rep. (2d) 522, 526. Consequently a fair exchange of assets, like a loan to an insolvent upon security, is not of itself a preference. *Tiffany* v. *Boatman's Institution*, 18 Wall. 375. *O'Connell* v. *Worcester*, 225 Mass. 159, 162. *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 417. *Hanford* v. *Codman*, 266 Mass. 93, 96. *Beacon Trust Co.* v. *Dolan*, 27 Fed. Rep. (2d) 247. *In re Metropolitan Dairy Co.* 224 Fed. Rep. 444, 445.

If an insolvent has obtained money or property by fraud or other tort, that money or property is not properly part of the assets of his estate, and may be reclaimed from the trustee in bankruptcy. *Bussing* v. *Rice*, 2 Cush. 48. *Watson* v. *Silsby*, 166 Mass. 57. *Donaldson* v. *Farwell*, 93 U. S. 631. *In re New York Commercial Co.* 228 Fed.

Rep. 120.  *In re Horigan Supply Co.* 2 Fed. Rep. (2d) 791.
*Manly* v. *Ohio Shoe Co.* 25 Fed. Rep. (2d) 384, 59 Am.
L. R. 413.  *California Conserving Co.* v. *D'Avanzo,* 62 Fed.
Rep. (2d) 528.  *Sternberg* v. *American Snuff Co.* 69 Fed.
Rep. (2d) 307.  Likewise, if the insolvent restores it before
bankruptcy occurs, there is no preference, for there is no
diminution of assets.  *Montgomery* v. *Bucyrus Machine
Works,* 92 U. S. 257.  *Hough* v. *Atchison, Topeka & Santa
Fé Railway,* 34 Fed. Rep. (2d) 238, 240, 241.  *Fisher* v.
*Shreve, Crump & Low Co.* 7 Fed. Rep. (2d) 159.

But that principle applies only so long as the money or
property can be traced and found, either in its original or
in an altered form, in some particular assets.  When that
can no longer be done, the claim of the person who has
been deprived of money or property by fraud or other tort
(*Schall* v. *Camors,* 251 U. S. 239, 251;  *Lewis* v. *Roberts,*
267 U. S. 467), ranks no higher than the claims of ordinary
creditors.  If, after the identity of the money or property
has been lost, an insolvent satisfies or secures the claim by
a transfer of other assets to one who takes with reasonable
cause to believe that the transfer will effect an unequal
distribution, the transfer is a voidable preference.  *Clarke* v.
*Rogers,* 228 U. S. 534.  *National City Bank of New York*
v. *Hotchkiss,* 231 U. S. 50.  *Cunningham* v. *Brown,* 265
U. S. 1, 11, 12.  *Bush* v. *Moore,* 133 Mass. 198.  *Yesner* v.
*Commissioner of Banks,* 252 Mass. 358.  *Downing* v. *Cunningham,* 256 Mass. 285.  *Worcester Bank & Trust Co.* v. *Nordblom,* 285 Mass. 22, 25, 26.  *Atherton* v. *Green,* 179 Fed.
Rep. 806.  *Burgoyne* v. *McKillip,* 182 Fed. Rep. 452, 454.
*In re Dorr,* 196 Fed. Rep. 292, 298.  *Wuerpel* v. *Commercial Germania Trust & Savings Bank,* 238 Fed. Rep. 269,
272, 273.  *Watchmaker* v. *Barnes,* 259 Fed. Rep. 783, 788.
*Ross* v. *H. Michaelyan, Inc.* 57 Fed. Rep. (2d) 674.

In the present case there is no suggestion that the money
wrongfully obtained from the defendant bank existed
among the assets of the corporation on October 21, 1933,
or at any later time.  On the contrary, it had been paid
out upon checks drawn by the corporation, apparently in
favor of its creditors.  The defendant accepted a note for

its claim. The facts gave the defendant bank no status superior to that of other creditors. The judge was right in deciding that there was a voidable preference, and in ordering judgment for the plaintiff. The case resembles *Walser* v. *International Union Bank*, 21 Fed. Rep. (2d) 294.

*Order for judgment affirmed.*