AJAX SHOE & LEATHER COMPANY *vs.* IRVING SELIG & another.

Essex.    January 3, 1940. — March 11, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions. *Bills and Notes,* Validity. *Bankruptcy,* Preference.

Even if there was evidence which, if believed, would have warranted a finding for the defendant, no prejudicial error was shown in the denial by a judge of a District Court, without stating any ground for the

denial, of a request for a ruling that the evidence was sufficient to warrant such a finding, where the judge made and reported specific findings against all of the defendant's contentions of fact, thus showing that he considered all the evidence bearing on those contentions.

The facts, that a creditor of a corporation accepted a promissory note, signed and delivered by the treasurer of the corporation and his wife after the creditor had learned of an assignment by the corporation for the benefit of its creditors, that the note was given to induce the creditor to discontinue actions he had brought against the corporation and to bring about the formation of a partnership between the treasurer and a third person, and also in part payment of the creditor's claim against the corporation, which was later adjudicated a bankrupt, did not as a matter of law constitute a defence to an action on the note on the ground that the creditor had thereby secured an unlawful preference by the corporation.

CONTRACT. Writ in the Central District Court of Northern Essex dated November 7, 1938.

There was a finding for the plaintiff in the sum of $1,224.80 by *Cavan*, J.

*G. Karelitz*, (*S. Faraci* with him,) for the defendants.

*E. B. Karp*, for the plaintiff, submitted a brief.

RONAN, J. This is an action against the maker and indorser of a promissory note for $1,200 payable to the plaintiff. The plaintiff was owed $1,600 by the Plaistow Shoe Company (hereinafter called the shoe company) which, on September 20, 1938, made an assignment for the benefit of its creditors. The defendant Irving Selig was the treasurer of that company. When one Berkovich, the general manager of the plaintiff, learned of the assignment he complained to Selig that the plaintiff should have been taken care of before the assignment. The plaintiff immediately brought an action in this Commonwealth and another in New Hampshire against the shoe company. Selig on the next day sent his note indorsed by the other defendant to the plaintiff and both actions were discontinued. The note was given for the purpose of having Berkovich continue his endeavors to bring about the formation of a partnership between Selig and one Rosenberg, to secure a discontinuance of the two actions by the plaintiff against the shoe company, and in part payment of the plaintiff's claim against the shoe company. It was expected that the shoe company would pay

its creditors twenty-five per cent of their claims. The judge found for the plaintiff. The Appellate Division ordered the report dismissed, and the defendants appealed from that order.

The principal contention of the defendants is that the note was given to secure the plaintiff's assent to the assignment made by the shoe company for the benefit of its creditors and to influence other creditors to assent; to restrain the plaintiff from joining in an involuntary petition in bankruptcy against the shoe company; and to give the plaintiff a preference over the other creditors of the shoe company — purposes which the defendants urge were illegal and contrary to public policy.

The defendants requested the judge to rule that the evidence was sufficient to warrant a finding for them. The request was refused without expressly assigning any reason for the refusal. If we assume, without deciding, that the matters in question, if proved, would constitute a defence and that the defendants were entitled as matter of right to have the judge consider and weigh the evidence that had been submitted in support of such a defence, — see *Bresnick* v. *Heath*, 292 Mass. 293; *Aronson* v. *Sol. & S. Marcus Co.* 292 Mass. 389; *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215; *Markiewicz* v. *Toton*, 292 Mass. 434, 437, — yet the judge made detailed findings of fact from which it appears that he considered the evidence offered by the defendants in support of their contention that the note was given for an illegal object and for a purpose contrary to public policy. He specifically found that the plaintiff did not secure the note by agreeing to assent or not to assent to the assignment for the benefit of creditors, or to influence creditors to assent to said assignment, or for acting or forbearing to act in bankruptcy. It is plain that the defendants were not prejudiced by the failure to give their request when the judge properly considered their evidence in making his findings. The facts found upon all the evidence rendered the request irrelevant. Upon this record it is clear that the defendants were not harmed by the course adopted. *Cameron* v. *Buckley*, 299 Mass. 432.

*Strong* v. *Haverhill Electric Co.* 299 Mass. 455. *Georgopoulos* v. *Georgopoulos,* 303 Mass. 231. *Marquis* v. *Messier,* 303 Mass. 553. *Wilson* v. *Birkenbush, ante,* 173.

The plaintiff had not secured an illegal preference by obtaining the defendants' note.* A debtor could at common law prefer any of his creditors provided he did not thereby obtain any secret benefit himself. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69. *Samuels* v. *Charles E. Fogg Co.* 258 Mass. 402. *Banca Italiana Di Sconto* v. *Bailey,* 260 Mass. 151. The defendants were not indebted to the plaintiff. The debtor was the shoe company. But the shoe company did not transfer any of its property to the plaintiff and the latter could not secure out of the assets of the debtor a greater percentage of its debt than other creditors of the same class. The plaintiff obtained no property from the debtor shoe company and it did not diminish the corporate assets which were to be distributed to its creditors. The plaintiff did not secure any preference under the bankruptcy act. U. S. C. Sup. IV, Title 11, § 96. *Baker* v. *Chisholm,* 268 Mass. 1, 5. *Comparone* v. *M. J. Caplan Co. Inc.* 270 Mass. 74, 79. *Kamberg* v. *Springfield National Bank,* 293 Mass. 24. *Western Tie & Timber Co.* v. *Brown,* 196 U. S. 502. *National Bank of Newport* v. *National Herkimer County Bank,* 225 U. S. 178. The receipt by the plaintiff of the note in suit, made by one who was the treasurer of the debtor corporation and indorsed by his wife, did not constitute a preference under the bankruptcy act. *Carr* v. *Wight,* 259 Mass. 83. *Dressel* v. *North State Lumber Co.* 119 Fed. 531. *Mason* v. *National Herkimer County Bank,* 172 Fed. 529. *Olmstead* v. *Massachusetts Trust Co.* 11 Fed. (2d) 410. *First National Bank of Danville* v. *Phalen,* 62 Fed. (2d) 21. *Grubb* v. *General Contract Purchase Corp.* 94 Fed. (2d) 70. *Keegan* v. *Hamilton National Bank,* 163 Ind. 216. *McKay* v. *Sperry Flour Co.* 95 Wash. 209.

The findings of the judge show that in any event no error was committed by him in refusing any of the requests of

---

* The shoe company was adjudicated a bankrupt on December 5, 1938. — REPORTER.

the defendants. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219. *Cameron* v. *Buckley,* 299 Mass. 432.

*Order dismissing report affirmed.*