*Northern District*

A.D. No. 5829

**D. L. BARNES, JR., ET ALS, d/b/a PUBLIC FINANCE COMPANY**

**v.**

**DOROTHY R. TADDEO**

June 10, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Clark, J.* in the First District Court of Southern Middlesex. No. 506.

*Eno, J.* This is an appeal from an order of the trial judge, made *July* 30, 1962, dismissing a draft report filed by the plaintiffs on *July* 2, 1963.

The action had been heard by the trial judge on *June* 4, 1963, at which time the plaintiffs filed no requests for rulings. The trial judge made a finding for the defendant and ruled on the defendant's requests for rulings on *June* 20, 1963.

Notice thereof was sent counsel on *June* 20, 1963.

On *June* 26, 1963, the plaintiffs filed a motion for a new trial, on *June* 27, 1963, they filed a claim of report and on *July* 2,

1963, a draft report seeking a review on the rulings of the trial judge on the defendant's requests for rulings, his "application of the law to the facts found by" him, "based on the evidence, and the general finding and decision".

A copy of said draft report, with a copy of a letter sent the clerk of court, dated July 2, 1963, was received by the trial judge on July 5, 1963, by certified mail, the post office stamp showing the mailing date in Waltham as July 3, 1963.

There was a hearing on said draft report on July 23, 1963, and, as stated in the plaintiffs' brief, the trial judge gave defendant's counsel leave to file certain corrections to the report and took the case under advisement.

The defendant's counsel, without even filing a motion to dismiss the report wrote a letter, dated *July* 24, 1963, to the trial judge, addressed to his own court in Ayer, in which he suggested for the first time that the draft report was not filed within the time required by District Court Rule No. 26.

The trial judge then, without any further hearing on the matter, and on the strength of the letter of defendant's counsel, dismissed the report and made the following conclusion of facts on *July* 30, 1963:

"From the foregoing facts I conclude as follows: in the usual course of mails the clerk's notice on June 20th of the filing of the court's findings on that date was delivered to the plaintiff's attorney

the following day, June 21st; that the Plaintiff's Claim of Report was seasonably filed on June 27th (Sunday being excluded in computing five days); that the plaintiff's draft report was not seasonably filed on July 2nd, the eleventh day after June 21st (Sunday being included in computing 10 days); and that the mailing to the trial justice on July 3, 1963 of copy of the letter above set-forth did not comply with Rule 28 of the Rules of District Courts under the reasoning and authority of *Arlington Trust Co. v. Vine*, 289 Mass. 585; *George Saunders v. Shoe Lace Company*, 293 Mass. 265; *Wind Innersole and Counter Co., Inc. v. Geilich*, 317 Mass. 327, 329; *Calcagno v. Graham*, 313 Mass. 364, 367; *Day v. McLellan*, 236 Mass. 330, 332.

### ORDER

On the foregoing findings it is *Ordered* that the plaintiff's draft report be, and the same hereby is, *Dismissed*."

On the same date the trial judge also made separate findings and rulings on the plaintiff's requests for rulings.

Thereafter, on *August* 5, 1963, the plaintiffs filed a second draft report whereby a review is sought on the dismissal of their first draft report. A hearing was held by the trial judge, *September* 17, 1963, on said second draft report, at which time counsel for the plaintiffs informed the court that he received the judge's rulings and order of *June* 20, 1963 *on June* 22, 1963 and that mail from Framingham to Waltham usually takes two days, while the defendant's counsel stated that overnight de-

livery was the usual course of mail from Framingham to Waltham, and the judge so found.

The questions to be determined by this second report are stated by the trial judge as follows:

"I hereby report to the Appellate Division for determination the plaintiff's claims of error by me as stated in their draft report, to wit:

1. That there was error in my 'Ordering that the plaintiffs' draft report be dismissed'.

2. That there was error in my 'Dismissing the plaintiffs' draft report'.

3. That there was error in my 'applying the law to the facts found 'by me' in this matter as set forth above'.

4. There was error in my 'Findings and Order . . . . . regarding plaintiffs' draft report as the same are not correct in law'."

We are of the opinion that the first draft report was improperly dismissed, because the trial justice had begun a hearing thereon, and had continued said hearing to permit the defendant's counsel an opportunity to make suggestions for corrections thereof. Instead of that the defendant's counsel wrote a letter directly to the trial judge, who, on the strength of that letter, and on his own personal opinion, without any evidence as to the time the plaintiffs' counsel "actually received a copy of the court's rulings and order" dismissed the plaintiffs' first draft report.

Even though in the ordinary course of events a letter mailed from Framingham to

Waltham would be delivered the next day, it is also possible, and it very often happens that mail delivery is delayed.

The order dismissing the draft report filed July 2, 1963, is vacated, and further action is to be taken thereon.

Harvey J. Resh, of Waltham, for the Plaintiff.
No brief or argument for the defendant.