LEO CARBONNEAU *vs.* WILLIAM J. CAVANAUGH.

Middlesex.    March 5, 1935. — March 7, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Auditor: objections to report, recommittal; Appeal. *Negligence,* Motor vehicle, In use of way.

In an action which was referred to an auditor under a rule providing that his findings should be final, this court were not required to consider an objection to the auditor's report based on the ground that the evidence did not support a certain finding made by him, where the objecting party did not comply with the requirements of Rules 89, 90, of the Superior Court (1932).

No appeal lies from the denial of a motion to discharge or recommit the report of an auditor in an action at law.

The disposition of a motion, not supported by an affidavit as required by Rule 46 of the Superior Court (1932), to discharge or recommit the report of an auditor in an action at law rests in the sound judicial discretion of the judge who hears the motion.

The facts appearing in an action for personal injuries sustained by a pedestrian twelve years of age when, while crossing a street in a thickly settled district at night, he was struck by an automobile operated by the defendant warranted a conclusion that the plaintiff's injuries resulted solely from the defendant's negligence.

TORT. Writ in the District Court of Somerville dated May 11, 1934.

Upon removal to the Superior Court, the action was referred to an auditor, whose findings were to be final. The auditor's findings were in favor of the plaintiff, whose damages he assessed in the sum of $1,500. Objections by the defendant to the auditor's report and his motion to discharge or recommit are described in the opinion. The motion was denied by *Walsh,* J. The judge allowed a motion by the plaintiff for judgment in his favor in the sum of $1,500 upon the auditor's report, and denied a motion

by the defendant for judgment thereon. The defendant appealed from the denial of each of his motions.

The case was submitted on briefs.

*J. D. Sullivan*, for the defendant.

*C. Hamilton*, for the plaintiff.

RUGG, C.J. This action of tort to recover compensation for personal injuries was referred to an auditor whose findings of fact were by agreement of parties to be final. The report of the auditor was in favor of the plaintiff upon all points. Appended to the report are numerous objections no one of which raises a question of law apparent on the face of the report but all of which are to the effect that the evidence did not warrant the findings of fact.

The procedure outlined in Rules 89 and 90 of the Superior Court (1932) was not followed by the defendant. No evidence is reported or summarized in the report and no special order of the court was made respecting the matters. The objections appended to the report in these circumstances require no consideration.

The defendant filed a motion to discharge or to recommit the report of the auditor. It was not supported by affidavits. There is no report of the evidence if any was presented at the hearing on the motion. It was denied after hearing. The defendant appealed. No appeal lies from such denial. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. G. L. (Ter. Ed.) c. 231, § 96. Moreover, a motion to recommit in these circumstances rested in sound judicial discretion. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 372. *Koch, petitioner*, 225 Mass. 148. *Walsh* v. *Cornwell*, 272 Mass. 555, 560.

The defendant appealed from the denial of his motion for judgment in his favor on the auditor's report. He did not appeal from the order granting the plaintiff's motion for the entry of judgment in his favor for the amount found due by the auditor. It is assumed in favor of the defendant that this appeal raises every question open on the auditor's report. The facts thus stated in substance are that the plaintiff, a boy twelve years old at the time of his injury, at about half past five o'clock on a December after-

noon started to cross a street in Somerville, stood six feet from the curb, several feet in front of a parked automobile, looked in both directions for approaching motor vehicles, waited for six motor vehicles to pass and then proceeded to cross. When in about the center of the street he observed the lights of a motor vehicle bearing down on him from his left, only a few feet away and too late for him to avoid it although he made an effort to step back. He was struck by the right front fender of the defendant's motor vehicle which was proceeding partly to the left of the center of the street. This occurred in a thickly settled district and the defendant was operating his motor vehicle at a speed of approximately twenty miles an hour. The auditor found that the defendant, at the rate of speed he was operating, saw or should have seen the plaintiff in sufficient time to avoid him, but that instead of doing anything when he saw the plaintiff, he did not give any signal or change his course or swerve to the left, as he might have done, and thus have avoided the accident. He found, as a fact, that the defendant with the headlights on his motor vehicle functioning normally, as he testified, and with the street lights and store lights at the point of the accident, should have seen the plaintiff, who walked from the point where he stood near the curb waiting for traffic to pass seven or eight feet before he was struck, in ample season to have avoided him. He found that the accident was caused solely by the negligence of the defendant, and that the plaintiff was in the exercise of due care, having regard to his age, experience, and all the circumstances of the case. It is too plain for discussion that the facts stated in the report warranted the ultimate finding in favor of the plaintiff. It was right. *McGuiggan* v. *Atkinson*, 278 Mass. 264. *McSorley* v. *Risdon*, 278 Mass. 415. *La Roche* v. *Singsen*, 281 Mass. 369, 371. *Legg* v. *Bloom*, 282 Mass. 303, 305. *Smith* v. *Hogan*, 282 Mass. 573.

> *Appeal from order denying motion to recommit dismissed.*
>
> *Order denying motion of defendant for judgment in his favor affirmed.*