FREDERICK V. LAWRENCE *vs.* OLD SILVER BEACH, INC.

Barnstable. February 7, 1939. — June 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Appeal; Order of court; Auditor: findings, ordering of judgment on report; Case stated; View.

No appeal lay from the denial of a motion to recommit an auditor's report or from the denial of a motion for judgment thereon.
A statement in the report of an auditor, whose findings of fact were to be final, that at a view taken by him "the plaintiff . . . pointed out and marked" an area where he had performed certain work, was not the equivalent of a statement that the auditor received testimony on the view, and, even if to receive testimony then would have been error, which was not decided, disclosed no error.
Conduct of an auditor and parties at a view, joined in by all without objection, disclosed no error.
It was proper for an auditor whose findings of fact were to be final to report, in addition to detailed subsidiary findings, an ultimate finding as to a total sum recoverable.

CONTRACT. Writ in the Superior Court dated August 19, 1937.

The action was heard by *Brogna,* J., who ordered judgment for the plaintiff in the sum of $2,926.19.

The case was submitted on briefs.

*H. E. Hunziker,* for the plaintiff.

*M. Tobey,* for the defendant.

QUA, J. This is an action for labor, equipment and material furnished by the plaintiff to the defendant in "hardening" with loam and gravel an area of the defendant's beach at Falmouth. An auditor whose findings of fact were to be final reported in favor of the plaintiff. The

defendant attempts to appeal from the denial of its motion to recommit and of its motion for judgment in its favor and appeals from the allowance of the plaintiff's motion for judgment in the plaintiff's favor and from a finding for the plaintiff, also equivalent to an order for judgment.

The order denying the defendant's motion to recommit was not appealable. This was not an "order decisive of the case founded upon matter of law apparent on the record." G. L. (Ter. Ed.) c. 231, § 96. *Carbonneau* v. *Cavanaugh,* 290 Mass. 139, 140. *Edinburg* v. *Allen-Squire Co.* 299 Mass. 206, 207.

Likewise, the order denying the defendant's motion for judgment was not an "order decisive of the case."

The report of the auditor, whose findings of fact were to be final, is equivalent to a case stated. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 152. The orders for judgment for the plaintiff upon it are properly here by appeal. *Pesce* v. *Brecher,* 302 Mass. 211, 213. However, the report shows no error, and we cannot on this appeal look beyond the face of the report, as nothing else is before us. The defendant relies upon a statement in the report that at a view taken by the auditor "the plaintiff while on the lot pointed out and marked on the surface just what he had hardened." We do not regard this as equivalent to saying that the auditor heard testimony at the view. The plaintiff may have merely pointed out on the ground the limits about which he testified on the stand. This is no more than is customarily done at a view. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 29. We need not decide whether it would be error for a judge or auditor at a view to hear sworn testimony of witnesses. Moreover, the auditor further states that the defendant's agent "also pointed out a very much smaller area as having been hardened by the plaintiff." Whatever took place at the view, it seems that both parties joined in it, and there is nothing to show that the defendant objected to anything that was done.

It was proper for the auditor to report, in addition to detailed subsidiary findings, an ultimate finding as to the total sum recoverable. *Holmes* v. *Hunt,* 122 Mass. 505, 515, 516.

*Newell* v. *Chesley,* 122 Mass. 522.   *Carroll* v. *Carroll,* 188 Mass. 558, 559.   *Bendslev* v. *Lovell,* 235 Mass. 133.   *Rosenblum* v. *Ginis,* 297 Mass. 493, 496.

*Appeal from order denying defendant's motion to recommit and appeal from order denying defendant's motion for judgment dismissed.*

*Orders for judgment for plaintiff affirmed.*