OLD MILL POINT CLUB, INC. *vs.* JOHN H. PAINE.
administrator.

Barnstable. February 4, 1941. — April 1, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Auditor: objections to report, discharge of reference, findings; Requests, rulings and instructions; Appeal.

Appeal does not lie from the overruling of objections to the report of an auditor whose findings are final, nor from the denial of requests for rulings based on the findings, nor from the denial of motions to discharge the reference to the auditor and to reject his report, nor from the denial of a motion for judgment on the report; appeal does lie from an order for judgment thereon.

After the recommittal to an auditor, whose findings were final, of a report disclosing inconsistencies between the subsidiary findings and a general finding for the plaintiff, judgment for the defendant was required by a finding in the supplemental report that the plaintiff had failed to prove his cause of action, where such finding purported to be based on all the evidence and was not overcome by the subsidiary findings in the supplemental report or by such subsidiary findings in the original report as were not affected by the supplemental report.

CONTRACT OR TORT. Writ in the Superior Court dated October 23, 1937.

The orders appealed from were by *Walsh,* J.

*J. D. W. Bodfish,* for the plaintiff.

*R. E. French,* for the defendant.

RONAN, J. The plaintiff alleges that it employed the defendant's testate, one Chase, a civil engineer, to perform certain engineering work in connection with the survey and plotting into building lots, with roads and reservations, of a large tract of land owned by it; that Chase undertook the performance of this work and was paid therefor, but that he failed to do the work in a skilful and proper manner; and it seeks to recover damages either in contract or tort.

The case was referred to an auditor whose findings of fact were to be final. The auditor filed a report and a supplemental report. In the Superior Court judgment was ordered for the defendant. The plaintiff appealed from an

order overruling its objections to the supplemental report, denying its requests for rulings, denying its motions to discharge the reference and to reject the supplemental report, and from the granting of the motion ordering judgment for the defendant.

The only purpose that can be served by objections to the report is to lay the foundation for a motion to recommit it for the correction of errors of law made by the auditor. No such motion was filed. Consequently these objections had no standing in the Superior Court and they have none here. *Howland* v. *Stowe*, 290 Mass. 142. *Murphy* v. *Nelson*, 306 Mass. 49. The denial of the requests for rulings is not before us. It was the duty of the judge to make a correct decision on the facts found by the auditor which in effect constituted a case stated. The requests, therefore, are immaterial and need not be considered. *Kamberg* v. *Springfield National Bank*, 293 Mass. 24. *Antoun* v. *Commonwealth*, 303 Mass. 80. *Nutter* v. *Mroczka*, 303 Mass. 343. *Levine* v. *Lawrence & Co. Inc.* 305 Mass. 210. The denial of the plaintiff's motions to discharge the reference and to reject the supplemental report rested in the sound judicial discretion of the judge. The motions were not accompanied by affidavits and the record does not show what evidence, if any, was presented to the court. No abuse of discretion is shown. *Dittemore* v. *Dickey*, 249 Mass. 95. *Thomajanian* v. *Odabshian*, 272 Mass. 19. The denial of the plaintiff's motion for judgment was not an "order decisive of the case," G. L. (Ter. Ed.) c. 231, § 96, and the action of the judge on this motion and on all the other interlocutory matters just mentioned cannot be reviewed on appeal because none of them is appealable. *Carbonneau* v. *Cavanaugh*, 290 Mass. 139. *Edinburg* v. *Allen-Squire Co.* 299 Mass. 206. *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377. The appeal from the order for judgment for the defendant brings before this court the question whether that order was right on the facts found. *Kamberg* v. *Springfield National Bank*, 293 Mass. 24. *Pittsley* v. *Allen*, 297 Mass. 83. *Coleman Bros. Corp.* v. *Commonwealth*, 307 Mass. 205.

The principal contention of the plaintiff is that, since the auditor found in the first report that the plaintiff was entitled to recover the amount of payments made to a second engineer for services rendered in correcting the mistakes and remedying the omissions of Chase, there was error in not ordering judgment for the plaintiff, even though the auditor in the supplemental report found for the defendant.

An examination of the first report discloses various subsidiary findings dealing with liability rather than with damages, which were not consistent with the general finding for the plaintiff. These findings need not be narrated. They resulted in recommitting the report with directions to the auditor to find the terms of any contracts of employment between the plaintiff and Chase, and to state specifically what constituted any breach by the latter of the said contracts, together with the damages caused by each breach.

In the supplemental report, the auditor found that Chase was hired in 1931 "to do some engineering work upon the development" of the plaintiff's land; but the auditor was unable to determine what this work comprised or what Chase did other than services he performed in reference to two plans. Chase was requested in 1934 to make a plan which, in so far as practical, would conform to another plan, which was furnished to him by the plaintiff. It was not found that Chase did not do this work in accordance with the plaintiff's request. The auditor, therefore, found upon all the evidence that the plaintiff had not shown that Chase had committed any breach of either contract, and found for the defendant.

This ultimate finding for the defendant is not vitiated by any error of law appearing upon the face of the supplemental report or upon so much of the first report as was not superseded by the later report. This finding is not controlled or overcome by the subsidiary findings contained in the supplemental report or by the subsidiary findings in the original report which were unaffected by the supplemental report, and it is not met or shaken by any inferences from such subsidiary findings. The finding for the defendant is not derived by inference from the subsidiary

findings, *Edinburg* v. *Allen–Squire Co.* 299 Mass. 206; *Keefe* v. *Johnson,* 304 Mass. 572, but purports to be based upon all the evidence. It is conclusive to the effect that the plaintiff did not prove that it had a cause' of action against the defendant. *Vigneault* v. *Dr. Hewson Dental Co.* 300 Mass. 223. *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377. *Levine* v. *Lawrence & Co. Inc.* 305 Mass. 210.

*Order for judgment affirmed.*