LELAND C. TALBOT, administrator, *vs.* LEO H. TRAVER & another.

Berkshire. September 16, 1952. — October 31, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Limitations, Statute of. Bills and Notes,* Mortgage note. *Mortgage,* Of real estate: foreclosure.

An action commenced in 1949 on a promissory note was barred by G. L. (Ter. Ed.) c. 244, § 17A, inserted by St. 1945, c. 604, § 1, where it appeared that such note had originally been given as a mortgage note subject to a prior mortgage, that the prior mortgage had been foreclosed by sale in 1936, and that the last instalment of principal on the note in suit had become due in 1939.

CONTRACT. Writ in the District Court of Central Berkshire dated June 8, 1949.

Upon removal to the Superior Court, the action was heard by *Meagher,* J., on an auditor's report.

*Frederick M. Myers, Jr., (Frederick M. Myers* with him,) for the plaintiff.

*Lincoln S. Cain, (Rudolph A. Lewis* with him,) for the defendants.

LUMMUS, J. This is an action of contract begun June 8, 1949, upon a promissory note for $7,500, dated June 14, 1929, made by the defendants Leo H. Traver and Nelson A. Foot, to the plaintiff's intestate Ella M. Talbot, and indorsed by her in June, 1930, to the order of Leland C. Talbot, who brings this action for his own benefit. The note was payable $500 in one year and the balance $800 every year thereafter. The defences now relied on are (1) that the note was not attested and that the action was not begun within six years after the cause of action accrued, and (2) that the note was a mortgage note subject to a prior mortgage which was foreclosed and the principal of this note became due before January 1, 1946, more than two years before this action was commenced.

An auditor, whose findings of fact by agreement were to be final, found as follows. On June 14, 1929, the defendants gave a first mortgage and note to one Burbank, and a second mortgage and note, subject to that first mortgage, to Ella M. Talbot. If anything was due on the Talbot note when this action was begun, the amount was $7,000 principal and $5,036.11 interest. On May 18, 1936, the prior Burbank mortgage was foreclosed by deed under power of sale to the first mortgagee himself. There is now no security for the note in suit.

The note in suit purports to be witnessed by Ella G. Waddock. Neither defendant signed it in her presence, but each defendant acknowledged his signature to her and asked her to witness it. It does not appear that the witness signed in the presence of the makers. The auditor found that the action was barred by failure to sue within two years after foreclosure, or after January 1, 1946, as required by St. 1945, c. 604, § 1 (G. L. [Ter. Ed.] c. 244, § 17A). He found also that the note was not "signed in the presence. of an attesting witness" within G. L. (Ter. Ed.) c. 260, § 1, Third, making the period of limitation twenty years. A judge of the Superior Court entered judgment for the defendants, and denied a motion by the plaintiff for judgment. The plaintiff appealed. G. L. (Ter. Ed.) c. 231, § 96. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108. *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377, 378.

Statute 1945, c. 604, § 1, inserting § 17A in G. L. (Ter. Ed.) c. 244, limits actions on mortgage notes, whether witnessed or not, to recover the amount due thereon after the foreclosure sale under a prior mortgage by power contained therein to two years after the foreclosure sale or after the later time when the principal becomes due. In the present case the foreclosure sale was on May 18, 1936, and the last payment on the note was due on June 14, 1939. Accordingly the statute permitted suit until June 14, 1941. The statute further provided as follows: "Such actions in cases where the foreclosure sale shall have occurred or the cause

of action shall have accrued prior to January first, nineteen hundred and forty-six [as was the case here] shall be commenced within two years after said date," namely, January 1, 1946. The present action was not commenced until June 8, 1949. The plaintiff contends that the statute applies only to an action on notes which "are" at the time the statute was enacted presently subject to a prior mortgage, and not to an action on a mortgage note where the security was lost years before by the foreclosure of a prior mortgage. But the statute by its terms permits an action brought two years or more after the security was lost by foreclosure. We do not think the use of the present tense decisive. We are of opinion that the auditor and the judge were right in ruling that this action was barred by the limitation contained in the statute under discussion.

Our decision that the action is barred by G. L. (Ter. Ed.) c. 244, § 17A, renders it unnecessary for us to consider whether the note in question was a note "signed in the presence of an attesting witness" (G. L. [Ter. Ed.] c. 260, § 1, Third), so as to extend the right to sue from six years to twenty years. G. L. (Ter. Ed.) c. 260, §§ 1, 2. *Swazey* v. *Allen*, 115 Mass. 594, 595. *L. Grossman Sons, Inc.* v. *Rudderham*, 319 Mass. 698, 699. *Chase* v. *Kittredge*, 11 Allen, 49. *Mendell* v. *Dunbar*, 169 Mass. 74.

*Order for judgment for the defendants affirmed.*