*Western District*

## ARCHIE BISSONNETTE

### v.

## GRACE BISSONNETTE

Argued: Nov. 23, 1970 - Decided: Feb. 11, 1971

*Present:* Garvey, P.J., Allen and Sloan, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield No. 208878.

**Allen, J.** In this action on an oral contract the judge found for the plaintiff and assessed damages in the amount of $3,319.14 on a count for money loaned. The defendant who pleaded the Statute of Frauds requested this report claiming to be aggrieved by the denial of her request for a ruling of law directed to the applicability of the statute.

The reported evidence justified the judge making the following findings:

"In October 1968 the defendant (an adopted daughter) told the plaintiff she was in need of a motor vehicle to be able to get to and carry out the duties of a job. The plaintiff agreed to loan her the money to purchase the car and he did so. He further loaned her money to pay the sales tax and also to insure the vehicle. The defendant agreed to repay him at the rate of five dollars per week. The plaintiff loaned the

defendant the total of $3,323.14. The defendant repaid a total of $4.00.

The judge then ruled that the Statute of Frauds did not apply and denied the defendant's request.

The pertinent provision of G.L.c.259, §1 reads:

"No action shall be brought:

"Fifth. Upon an agreement that is not to be performed within one year from the making thereof;

"Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."

We are of the opinion that the judge was in error in ruling that the Statute of Frauds did not apply and in denying the defendant's request for a ruling of law directed to this issue.

"An agreement which cannot be performed according to its terms within a year is within the statute, even if the act or promise which is the consideration for it may be performed within the year, or has been actually performed." *Fraley* v. *Sterling,* 99 Mass. 461. *Marcy* v. *Marcy,* 9 Allen 8. *Growers Outlet, Inc.* v. *Stone,* 333 Mass. 437, 443, and cases cited.

As the defendant's agreement to repay the loan at the rate of five dollars each week would

extend the performance well beyond the year we, somewhat reluctantly, hold it be within the statute. [*Kelley* v. *Thompson,* 175 Mass. 427, 429. See: *Cabot* v. *Haskins,* 3 Pick. 83, 94-95].

**The finding for the plaintiff is to be vacated and judgment entered for the defendant.**

JEAN R. LACROIX and
EDWIN C. SATTER, III,
Attorneys for Plaintiff
LOUIS KERLINSKY and
    JOHN GOONAN,
Attorneys for Defendant

## REPORTER'S NOTE

The Statute of Frauds originated in the reign of Elizabeth I (1533-1603), and is part of the law of Massachusetts for almost three centuries, now G.L. c. 259. It was intended to guard against the perils of perjury and error in the spoken word and to protect defendants against unfounded and fraudulent claims. It is said to have generated as many frauds as it has prevented. In the case of *Bissonnette* v. *Bissonntte,* to which this note is attached, the court was reluctant to apply the statute as a defense. The Fifth clause of G.L. c. 259, § 1 was intended to prevent the leaving to memory the terms of a promise for longer than a year. Some states have declared that even though the defendant's oral promise is not to be fully performed with one year, yet, the agreement

is not within the statute if the other party's promise is to be fully performed within the year. *Berry* v. *Doremus,* 30 NJL 399, 403. Restatement, Contracts, § 198. But Massachusetts has consistently held the time for the performance of the promisor's promise governs irrespective of performance by the other party to the contract. *Marble* v. *Clinton,* 298 Mass. 87.