Peter D. WEISSE, Plaintiff-Appellant,

v.

ENGELHARD MINERALS & CHEMI-
CALS CORPORATION,
Defendant-Appellee.

No. 345, Docket 77–7359.

United States Court of Appeals,
Second Circuit.

Argued Nov. 30, 1977.

Decided Feb. 16, 1978.

George H. Colin, New York City (Baer, Marks & Upham, Jeffrey L. Liddle, New York City, of counsel), for plaintiff-appellant.

David R. Hyde, New York City (Cahill, Gordon & Reindel, Kathleen P. March, New York City, of counsel), for defendant-appellee.

Before MOORE and GURFEIN, Circuit Judges, and BONSAL, District Judge.*

BONSAL, District Judge:

This is an appeal from a decision of the district court granting a motion by defendant-appellee Engelhard Minerals & Chemicals Corporation ("Engelhard") for summary judgment dismissing the complaint of plaintiff-appellant Peter Weisse. The complaint asserted a cause of action for damages for breach of an oral employment contract which Weisse alleged provided for his employment with Engelhard for the duration of his career. The district court granted summary judgment in favor of Engelhard on the ground that the alleged oral contract was incapable of performance within one year of its making and was therefore unenforceable under the New York statute of frauds.

In 1975 the position of president of one of Engelhard's subdivisions, Engelhard Industries Division ("EID") became vacant. During the summer of 1975 Engelhard's president and chief executive officer, Milton Rosenthal, entered into discussions with Weisse (who was then employed as a senior executive with Cerro Corporation) concerning Weisse's filling this vacancy at EID. In

* Of the Southern District of New York, sitting by designation.

early September 1975 Rosenthal offered the position at EID to Weisse. However, Weisse declined the offer because there was no provision made to compensate him for various benefits, including a deferred compensation bonus of $80,000 and stock options, which he would forfeit if he were to leave Cerro before January 1, 1976.

On September 29, 1975 another meeting took place between Weisse and Rosenthal at which Rosenthal renewed his offer of the president's post at EID. In addition to the base compensation previously proposed, Rosenthal offered Weisse additional compensation for the benefits Weisse would forfeit at Cerro by acceding to Rosenthal's request to join EID as soon as possible. Rosenthal agreed to pay Weisse a $40,000 cash bonus in 1976 and a further $40,000 cash bonus in 1977 as recompense for the $80,000 deferred compensation bonus Weisse would otherwise have received if he remained at Cerro. Rosenthal further agreed to compensate Weisse for the stock option benefits he would forfeit by promising to request Engelhard's board of directors to issue Weisse options to purchase 15,000 shares of Engelhard stock at the first board meeting subsequent to Weisse's joining the company and to request the board to issue Weisse options to purchase an additional 5,000 shares one year later, conditioned upon Weisse's satisfactory performance as president of EID. Weisse accepted Rosenthal's offer with a handshake.

In the course of their discussions, according to Weisse, Rosenthal emphasized that it was Engelhard's expectation that whoever accepted the presidency of EID would make a career commitment to Engelhard, and he (Weisse) assured Rosenthal that he was willing to make such a career commitment to Engelhard.

In August 1976 Rosenthal demanded that Weisse submit his resignation. Weisse, alleging that he was forced to resign without cause, instituted this action in damages for breach of the contract of September 29, 1975.

Following the taking of the depositions of Weisse and Rosenthal, Engelhard moved for summary judgment.[1] The district court (Goettel, J.) granted the motion ruling that the contract, being oral and by its terms not permitting of performance within a year of its making, came within the New York statute of frauds, N.Y.Gen.Oblig.Law § 5–701 (McKinney 1964), and was unenforceable as a matter of law.[2]

## Discussion

■ The New York statute of frauds[3] insofar as it is relevant here provides:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged

1. Subsequent to their meeting on September 29, 1975, Rosenthal, by letter dated October 2, 1975, wrote to Weisse incorporating what he understood to be the terms of the agreement that they had reached. This letter provided for the deferred compensation bonuses and stock options referred to above and further provided that Weisse's employment was to be at the pleasure of Engelhard's board of directors. An employment form sent to Weisse dated November 1, 1975, similarly provided that his employment as president of EID was terminable at will. Both the letter and the employment form were allegedly signed by Weisse.

For purposes of the motion for summary judgment, however, Engelhard and the district court accepted Weisse's version of the facts as well as Weisse's contentions that the oral agreement embodied the contract between himself and Engelhard and that the subsequent expressions of the agreement stated in the let-

ter of October 2 and the employment form dated November 1 were void and ineffective. For the purpose of this appeal, we likewise accept the facts as alleged by Weisse.

2. Engelhard also moved for summary judgment on the alternative ground that Rosenthal lacked the authority, either actual or apparent, to bind the corporation with respect to the alleged agreement for permanent employment. The district court rejected this contention as a basis for summary judgment, holding that the question of whether a corporate officer has actual or apparent authority to bind the corporation on a contract involved a question of fact which precluded summary judgment.

3. New York is the jurisdiction with the most significant contacts with respect to the contract. *Auten v. Auten*, 308 N.Y. 155, 124 N.E.2d 99 (1954).

therewith, or by his lawful agent, if such agreement, promise or undertaking:

1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime." N.Y.Gen.Oblig.Law § 5–701 (McKinney 1964).

The practice of the New York courts has been to construe this one-year provision of the statute narrowly to give effect to oral contracts which are capable of being performed within one year. Thus, the one-year provision has been held to bar enforcement of oral contracts only in those cases where the contract is "by express stipulation, not to be performed within a year" and not to cases "in which the performance of the agreement depends upon a contingency which may or may not happen within the year." *North Shore Bottling Co. v. C. Schmidt & Sons, Inc.*, 22 N.Y.2d 171, 176, 292 N.Y.S.2d 86, 89, 239 N.E.2d 189, 191 (1968).

Under the terms of the contract as asserted by Weisse, Engelhard was to pay Weisse $40,000 cash bonuses in both 1976 and 1977. In addition, Engelhard was to issue Weisse stock options at the time of the first board meeting after he joined the company and additional options a year later. The issuance of these stock option benefits was conditioned upon Weisse's satisfactory performance as president of EID.

In considering whether the contract here is capable of performance within a year of its making, we need look no further than the cash bonus provision of the contract. According to the terms of the contract Engelhard was to make the second cash bonus payment in 1977, more than one year from the making of the contract. The contract is thus incapable of complete performance within one year of its making and is therefore unenforceable under the statute. *See Kastner v. Gover*, 19 A.D.2d 480, 244 N.Y.S.2d 275 (1st Dep't 1963), *aff'd*, 14 N.Y.2d 821, 251 N.Y.S.2d 472, 200 N.E.2d 455 (1964).

Accordingly, the decision of the district court granting summary judgment in favor of Engelhard is affirmed.