WARE SAVINGS BANK *vs.* NICHOLAS A. GREMO & others. April 28, 1981. In August and December of 1970, the defendants gave to the plaintiff two mortgages of certain land in Worcester, and they executed two mortgage notes. At some unspecified time thereafter, the defendants were in default of their obligations under the notes and, presumably, they were in breach of the conditions of the mortgages which are not a part of the record in this action on the notes. In March and June of 1975, the plaintiff conducted foreclosure sales, but the mortgage debts were not extinguished by these sales at which only certain parcels of the mortgaged land were bid upon and sold. When the plaintiff brought this action in 1979 to recover a judgment on the notes, it also obtained an attachment on the defendants' "real property . . . situated in Worcester" in order to satisfy the judgment it was seeking. Mass.R.Civ.P. 4.1, 365 Mass. 737 (1974). The defendants asserted in their answer that, because the action was not commenced within two years from the date of the foreclosure sales, it was barred by G. L. c. 244, § 17A. In reliance upon the pleadings and the affidavit in support of the plaintiff's motion under rule 4.1, the judge entered a judgment on the pleadings under Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), for the defendants. We reverse the judgment.

The case was not an appropriate one for summary disposition under either Mass.R.Civ.P. 12(c) or 56, 365 Mass. 756, 824 (1974). The limited facts presented on this record are not controlled by *Talbot* v. *Traver*, 329 Mass. 356 (1952). Without knowledge of the provisions of the mortgages and the foreclosure documents, it cannot be determined as matter of law that this action is barred by G. L. c. 244, § 17A. See *Pryor* v. *Baker*, 133 Mass. 459, 460 (1882). See also Park, Real Estate Law § 537 (2d ed. 1981); Osborne, Mortgages §§ 327, 340 (2d ed. 1970).

*Judgment reversed.*

*Lawrence E. Cohen* for the plaintiff.

*Roy A. Bourgeois* for Alexander Stirling (*Michael A. Nigro* for Crispino J. Gremo, *Sean T. McGrail & Shirley Doyle* for Nicholas A. Gremo with him).