Larkin, J.
This is an action for breach of an alleged oral contract in which the appellee (plaintiff below) seeks to recover $10,250 which assertedly represents a commission due for the rendering of certain real estate brokerage services. The appellants (defendants below) responded to the complaint by asserting an affirmative defense alleging that the putative oral agreement, if such there existed, fell within the ambit of the Massachusetts Statute of Frauds. See G.L. c. 259, §1. Consequently, according to the appellants, any “agreement” is therefore unenforceable.
The trial judge rejected this contention holding that the alleged oral agreement was not within the scope of G.L. c. 259, §1. He therefore found for the plaintiff in the sum of $10,250. It is this action of the trial judge in not allowing the defendant’s affirmative defense with the rejection of the defendant’s contention relative to the Statute of Frauds which is the subject of this appeal.
The facts which ground this appeal are as follows:
In August or September 1979, the appellants (hereinafter Smith) contacted the appellee-real estate agency (hereinafter Tucker) for the purpose of giving Tucker information regarding the potential sale or lease of property located at 1520 East Street, Pittsfield, Massachusetts. Smith owned the subject premises which consisted of approximately two acres of land with a building thereon.
Discussions were had between Tucker and Smith and written notations were made by Tucker looking towards an agreement regarding the leasing of the building and land. As originally discussed, it was envisioned that the premises should be leased for approximately $25,000 per year. Tucker contacted representatives of the General Electric Company (hereinafter “G.E.”) who handled real estate transactions for the company. So far as the initial discussion between Tucker and Smith on the question of a commission, it was apparently orally agreed that six percent of the rent for the first year’s rental would be payable on or about April 15,1980 and that the commission for the next two succeeding years (5% of the rent for the second year and 4% of the rent for the third and- any subsequent ye’ars the premises were leased) *80 would be paid to Tucker at the commencement of each succeeding year of the lease term.
Further negotiations were had between “G.E.”, Smith and Tucker in which “G.E.”, inter alia, suggested the possibility that a substantial addition be made to the then existing building on the property. These would be made according to specifications it would render. Various personnel of “G.E.” were shown the property. Specifications were drawn and a contractor was brought into the negotiations for discussion as to the cost and size of the addition. As a result of these negotiations, Smith applied for and obtained a mortgage large enough to pay for the construction of the addition and to pay off an outstanding mortgage.
Smith and “G.E.” then entered into a lease agreement which, among its terms, included provision for a rent of $83,000.00 per year to be paid each year for a three year period with options for renewals for a period or periods up to five years beyond the original term. The rent was to be payable in equ.al monthly installments in advance and the lease term commenced April 15, 1980.
Smith had paid Tucker $2,200.00 total; a credit for $1,200.00 was given Tucker in August 1981 and $1,000.00 was paid by check in June 1982. Tucker had billed Smith who contended and admits that he owed a balance of $1,550.00 based on the contention that he was to pay only commission percentages based on the original $25,000.00 rental agreement.
Tucker contends that he was not only to be paid commission percentages based on the original $25,000.00 rental agreement but that he is owed the percentages agreed upon as they apply to the total amount of rent that Smith will earn over the entire term of the lease.
The trial court agreeing with Tucker’s contention found for him in the sum of $10,250.00 and this finding generates the instant appeal.
The only issue raised oh appeal is whether enforcement of the oral agreement is barred by the Statute of Frauds as set forth in G.L. c. 259, § 1 which in pertinent part reads:
Section 1. Actionable contracts; necessity of writing. No action shall be brought; . . . Fifth, upon an agreement that is not to be performed within one year from the making thereof; Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.
It is universally conceded that the purpose of the Statute is to prevent fraud. Although the Statute and its generative raison d'etre has come under much criticism in recent years, See Levin and Spak, The Statute of Frauds and the One Year Rule — A Legal Illusion, 68 Ill. B.J. 716 (July 1980), it appears that most state legislatures and construing courts have concluded that written memorials, however gossamer or abortive, are more reliable than are the supposed “recollections” of participants to agreements where the subject is real estate and the time frame exceeds a year. Massachusetts is no exception.
Generally our courts have followed the rule that where an oral contract by its terms cannot be fully performed within one year, it is unenforceable under the Statute. Joseph Martin, Inc. v. McNulty, 300 Mass. 573 (1938). The determinative test is whether the contract by its terms is capable of full performance within one year, not whether such occurrence is “likely”. Martin v. Federal Life Insurance Co., 440 N.E.2d 998 (Ill. App 1982). Cf. Nickerson v. *81 President and Fellows of Harvard College, 298 Mass. 484 (1937); Scribner v. Flagg Mfg. Co., 175 Mass. 536 (1900); Bartlett v. Mystic River Corporation, 151 Mass. 433 (1890); Rowland v. Haskell, 243 Mass. 160 (1922).
The considerable body of litigation in this area has generally focused on the meaning of the phrase “capable of full performance within one year.” Keying on this here, Tucker argues that payment of the commission by the appellant could certainly have been performed within one year and therefore the contract is enforceable.
On this record we believe that such an interpretation of the term “capable” is misplaced. Such an interpretation ignores the critical requirement that the contract by its terms be capable of full performance. Were the Tucker’s interpretation to be accepted, the one year rule of the statute would be rendered moot and meaningless. For example, at least conceptually, every oral contract which calls for payment to be made over a period of years would be enforceable simply because it would be “capable” of being performed within a year should the promisor decide to do so for some arbitrary or altruistic reason. Such a result is clearly at variance with the spirit of the “capable of being fully performed” exception to the one year rule.
It is clear from a review of the relevant case law that the key to resolution of the issue lies in an examination of the express terms of the agreement. As stated in Lund v. E.D. Entyre & Co., 242 N.E. 2d 611 (Ill.App.1968):
. . . [I]t is a question of whether, pursuant to the terms of the agreement, performance is possible within a year. The statute does not apply if it appears from a reasonable interpretation of the terms of the agreement that it is capable of being performed within a year.
Id. at 613.
Here we are satisfied that by the terms of the agreement, performance was not possible within the one year period. Here, a review of the record shows that both parties explicitly agreed that the terms of the contract called for payment of the commission at the start of each year of the lease. (Appellee’s brief, pp. 2-3). Thus, there is no doubt that the contract, by its terms, was surely not capable of full performance within the one year period.
In Bissonette v. Bissonette, 45 Mass. App. Dec. 197(1971), in an analogous situation, the court held that an oral agreement to repay money loaned in installments which required more than a year for full performance fell within the statute. In that case, the plaintiff had loaned the defendant a sum of money in excess of $3,000.00 which was to be repaid at rhe rate of-$5 per week. The Appellate Division held the contract unenforceable under the Statute of Frauds and Stated:
An agreement which cannot be performed according to its terms within a year is within the statute, even if the act or promise which is the consideration for it may be performed within the year, or has been actually performed. Id. at 199.
Similarly, Weisse v. Englehard Minerals and Chemical Corp., 571 F.2d 117 (2d Cir. 1978), held that a cash bonus payment, as part of an oral employment contract, which was to be made more than one year from the date of the making of the contract rendered the entire contract incapable of complete performance within the one year period. Thus, the agreement there involved was deemed unenforceable under the statute because the court found that the express stipulation of the contract negated performance within ayear. Id. at 119. Cf. First Realty Investment Corp. v. Gallagher, 345 So. 2d 1088 (Fla. App. 3d Dist. 1977); Mercer v. Roberts Co., 570 F. 2d 1232 (5th Cir. 1978).
*82 The case at bar is not distinguishable from the foregoing precedent. This case does not present a situation wherein the time for payment is unspecified. If such were the situation, we would not hesitate to find the contested payment “capable of being fully performed within one year” as other courts have done. See Thomas v. Collins, 3 Mass. App. Dec. 6 (1950); Burton v. Hitachi America Ltd., 504 F. 2d 721 (7th Cir. 1974); Vanston v. Conn. General Life Ins. Co., 482 F.2d 337 (5th Cir. 1973).
However, again here the parties have explicitly agreed that the time for payment of the commission was precisely established and delineated. The contract, by its express terms, called for payment over a period of years. Therefore, we feel constrained to find that the contract violated the one year rule of the Statute of Frauds. ,
In view of the principles canvassed above, we conclude that here the asserted oral contract agreed to by the parties violated G.L. c. 259, § 1, in that it is “incapable”, in any realistic sense, of being fully performed within the one year statutory period.
While commentators have criticized the rule for its failure to account for “justice,” this court will not disregard the legislature’s mandate. Certainty of contracts and reliability of evidence are important factors which our legislature obviously has found to outweigh the need for a case by case determination. Nor do we feel that the result in the instant case flies in the face of “justice.” It is clearly the responsibility of any real estate broker, or for that matter, any business whose existence relies on contracts to observe and understand the importance of certainty. The law is not designed to protect those who fail to observe regular business practice. The appellee failed to adhere to this standard and must bear the consequences of its failure.
For all of the above reasons we conclude that the action of the trial court in granting Tucker’s claim for the full commission was in error and that the action should be reversed. It is so ordered.