Fumari, J.
This is an action in contract by the plaintiff, areal estate broker, to recover commissions allegedly due upon the renewal of ten year leases of defendants’ commercial properly by tenants who were originally procured by the plaintiff.
The trial court allowed the defendants’ Dist/Mun. Cts. R. Civ., Rule 56 motion for summaryjudgment on the grounds of insufficient documentation to satisfy the Statute of Frauds.
On appeal to this Division, the plaintiff charges the trial court with error in: (1) hearing the defendant’s summaryjudgment motion despite the absence of the ten-day notice mandated by Rule 56(c); and (2) ruling that the defendants were entitled to summary judgment as a matter of law.
1. The procedural issue of short notice requires a brief, chronological summary of this action. Plaintiff’s complaint was filed on Januaiy 31, 1989. Discovery was conducted by both parties and on February 9,1990, the plaintiff requested a trial date. Trial was scheduled for August 21,1990.
The plaintiff was, at that time, seventy-seven years old and suffering from a disabling illness. On Wednesday, August 15,1990, plaintiff’s counsel communicated with defendants’ trial counsel (not appellate counsel) about a trial date continuance because of his client’s ill health. Defendants’ trial counsel consented to the continuance, and the report states that the plaintiff then prepared and filed an assented to Motion to Continue Trial Date.[2]
Late in the afternoon of the very next day, Thursday, August 16,1990, plaintiff’s counsel was served with the defendants’ motion for summary judgment. The defendant had marked this Rule 56 motion for the following Tuesday, August21,1990, the original trial date. Upon receipt of service, plaintiff’s counsel immediately telephoned defendants’ trial counsel to remind him of the plaintiff’s ill health and to advise him that his client’s illness prevented any discussion about the case and necessarily precluded any preparation or submission of counter-affidavits. Plaintiff’s counselalso stated thathehadprearrangedvacationplansfortheweekend. Defendant’s trial counsel refused to assent to any continuance of the Rule 56 motion hearing and insisted upon proceeding.
Five days later, on Tuesday, August 21, 1990, the trial court entertained the defendants’ Rule 56 motion over the objection of plaintiffs counsel, allowed the motion and entered summary judgment for the defendants. The report does not disclose that any formal hearing or consideration of the defendants’ Motion for an *188 Expedited Hearing[3] was undertaken on August 21,1991. A docket entry for September 18,1990 states: “[m]otion for expedited hearing allowed munc [sic] pro tunc 8/21/90, Brisson, J.”
1. No compelling reason of record warranted the hearing of defendants’ Rule 56 motion in such an expedited manner. Rule 56 (c) expressly provides that a motion for summary judgment “shall be served at least 10 days before the time fixed for the hearing [emphasis supplied].” This provision and all “ [rjules of procedure are not just guidelines. Their purpose is to provide an orderly predictable process by which parties to a lawsuit conduct their business.” U.S. Trust Co. v. Kennedy, 17 Mass. App. Ct. 131, 135 (1982). Procedural non-compliance may be excused in the trial court’s discretion[4] only if such non-compliance “does not affect the opposing party’s opportunity to develop and prepare a response.” Id. at 135. See, generally, Makino v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 317-318 (1988) and cases cited.
The defendants’ precipitous action in this case not only affected, but actually foreclosed, the plaintiffs opportunity to prepare and submit any response to the defendants’ summary judgment motion. The plaintiff was unable on short notice to file a counter-affidavit or present other opposition cognizable under Rule 56. In consequence, the plaintiff suffered the ultimate prejudice of the court’s final disposition of all issues on the merits and entry of judgment against him. The unfairness to the plaintiff of inadequate notice was not unknown to defendants’ trial counsel who was informed of the plaintiffs illness and had assented to a,postponement of trial one day prior to filing the Rule 56 motion. The defendants now offer no satisfactory explanation for their insistence upon proceeding under Rule 56 without affording the requisite ten day notice to the plaintiff. Given the prejudice to the plaintiff and the absence of any countervailing considerations, the court’s decision to proceed on August21,1990to hear and dispose of the defendants’ summary judgment motion was not harmless error.
2. Nothing would be gained by vacating the court’s allowance of the defendants’ summary judgment motion because of a prejudicial, procedural error and returning the case for trial if it were clear on the record that the plaintiff was “Med to lose.” U.S. Trust Co. v. Kennedy, supra at 137. On the report in this case, however, the defendants have not established that there are no material issues requiring a trial and that they are entitled to judgment as a matter of law. See, generally, Hopkins v. F. W. Woolworth, 11 Mass. App. Ct. 703 (1981).
It is undisputed that in 1973, the plaintiff-real estate broker procured tenants for the defendants’ commercial warehouse and was paid commissions for the tenants’ execution often year leases of the property. At issue is the plaintiff’s present claim for additional commissions upon the tenants’ exercise of options to renew or extend their leases. The defendants argue that such claim is barred by the Statute of Frauds, G.Lc. 259, §1 which provides in relevant part:
No action shall be brought... Fifth, upon an agreement that is not to be performed within one year from the making thereof, unless the promise, contract or agreement... or some memorandum or note thereof, is in writing and signed by the party to be charged.
In an affidavit in support of the defendants’ Rule 56 motion, defendant George D. Whitten averred only that “Mystic” never agreed to pay the plaintiff any additional commissions in the event that renewal options were exercised by the defendants’ *189 tenants, and never executed any document setting forth such agreement.
It is elementary that the Statute of Frauds is inapplicable to an “agreement which may be fully performed within the year, although in some contingencies it may extend beyond that period.” Frary v. Sterling, 99 Mass. 461, 462 (1868). As the report herein does not include copies of the original leases, it cannot be ruled as a matter of law that the lease renewal options could not have been exercised, and the plaintiff could not have been paid commission payments, within one year. See generally, Nickerson v. President & Fellows of Harvard College, 298 Mass. 484, 486 (1937); Edmund D. Hewins, Inc. v. Marlboro Cotton Mills, 242 Mass. 282 (1922). “The determinative test is whether the contract by its terms is capable of full performance within one year, not whether such occurrence is likely....” Richard Tucker Assoc., Inc. v. Smith, 1984 Mass. App. Div. 79, 80, aff'd 395 Mass. 648, 650 (1985). See also Marble v. Clinton, 298 Mass. 87, 89 (1937). “ [T] he key to the resolution of the issue lies in an examination of the express terms of the agreement....” Richard Tucker Assoc., Inc., supra at 81.
It was incumbent upon the defendants, as the Rule 56 moving parties, to demonstrate affirmatively that they were entitled to judgment as a matter of law. Attorney General v. Bailey, 386 Mass. 367 (1982). In failing to submit the leases in question with their motion and to delineate those provisions which indicate that the leases could not have been renewed within one year, see Hubbard v. Peairs, 24 Mass. App. Ct. 372, 379 (1987), they failed to introduce the very materials necessary for a proper allowance of their summaiy judgment motion predicated on the Statute of Frauds. See, generally, Ware Sav. Bank v. Gremo, 11 Mass. App. Ct. 1016 (1981).
Even assuming arguendo that the parties’ alleged agreement was within the one year provision of G.Lc. 259, §1, the defendants have also failed to controvert issues raised by a document originally filed by the plaintiff in conjunction with his requests for admissions and reviewed by the trial judge upon the defendants’ summary judgment motion. This document is on the letterhead of the defendants’ partnership “Mystic Builders Supply Company,” is dated November 28,1973, and lists payments of commissions on the original leases made to the plaintiff and commission balances due to the plaintiff in 1974 and 1975. The memorandum is signed by both parties. Immediately above their signature is the notation: “We recognize that there are options on the leases that may or may not be exercised.”
Viewing this evidence in the light mostfavorable to the plaintiff, Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 247 (1980), this document may be deemed a written memorandum, signed by the party to be charged. The memorandum is clearly a voluntary statement of both the defendants’ prior commission payments and their continuing indebtedness in 1973 for commissions due the plaintiff in 1974 and 1975. In the context of such statement, the additional sentence pertaining to the possible execution of lease options may be reasonably construed as a statement by the defendants of their liability for payment of commissions upon the exercise of lease options. The defendants have advanced no competing interpretation of the memorandum and no alternative explanation for the inclusion of this sentence in their 1973 statement to the plaintiff. Given the existence of this writing, and the absence of something more than the general denial of liability setforth in the defendants’ affidavit, the defendants were not entitled to summary judgment on the basis of the Statute of Frauds.
3. Accordingly, the trial court’s allowance of the defendants’ motion for summary judgment is hereby vacated, and this action is returned to the Woburn Division for trial. So ordered.

 Neither the filing of this motion, nor any response by the court, appears on the docket No explanation for this docket omission has been provided.

The filing of this motion does not appear on the docket No explanation for this docket omission has been provided.

The mandatory terminology of Rule 56 (c) providing that a summary judgment motion “shall be served” at leastten days before hearinghas resulted in the rejection by certain Federal Courts of not only the possibility of a harmless violation of this time rule, but also the existence of any judicial discretion in administering the rule. See Winbourne v. Eastern Air Lines, Inc., 632 F.2d 219, 223 (2d Cir. 1980); Capital Films Corp. v. Charles Fries Prod., 628 F.2d 387, 390-392 (5th Cir. 1980).