Coven, J.
This is an action by the tenants’ assignee to recover for the defendant-landlords’ alleged violations of G.L.c. 186, §15B in the handling of the tenants’ security deposit. Summary judgment was entered for the defendants, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
It was undisputed that defendant Linda Upright (“Upright”) was the record owner of property located at 334 Merrimac Street in Newburyport, Massachusetts. On November 24,1992, defendant David Newbert (“Newbert”), as landlord,[2] entered into a lease of the property with tenant William Sobolewski (“Sobolewski”), “president” of Merrimac House, a program and unincorporated group home for recovering alcoholics. At the time the lease was executed, Newbert received from Sobolewski $1,200.00 as last month’s rent and $1,200.00 as a security deposit. Newbert deposited the money in a savings account at the Newburyport Institution for Savings in Newburyport, Massachusetts. Within thirty days thereafter, Newbert provided Sobolewski with a receipt for the security deposit which indicated the name and location of the bank, the account number and the amount deposited. Newbert also gave Sobolewski a statement at the end of each year of the tenancy which contained this information as well as the amount of accrued interest. With Newbert’s consent, Sobolewski deducted the interest from the next rental payment.
Plaintiff Share Loan Fund of the Alcoholism and Drug Abuse Foundation, Inc. (“Share”), is a non-profit Massachusetts corporation which assists, inter alia, in the creation and funding of alcohol and drug free group homes for substance abuse program participants. On December 4, 1992, Sobolewski signed a promissory note, as borrower, for a $4,000.00 loan from Share. The promissory note contained an assignment by Sobolewski to Share of all rights, claims and causes of action he had against Newbert, as landlord, for any monies representing advanced rent or a security deposit.[3]
Newbert contends that he knew nothing about the assignment, and Sobolewski averred that he did not recall anyone informing Newbert about it. In fact, Sobolewski *164 claims that he was not aware that, in executing the promissory note, he had assigned his interest in advanced rent or the security deposit to Share. Conversely, Michael Costello (“Costello”), Share director from 1989 to November, 1993, asserted that he informed Newbert in late 1992 that if Share funded the Merrimac House, the members would be required to assign to Share any and all rights to the advance rent and security deposit.
According to Newbert and Sobolewski, a meeting was held at Merrimac House in March, 1994 with Jim Burke (“Burke”), who succeeded Costello as Share’s director. At the meeting, Sobolewski authorized Newbert to withdraw $400.00 from the security deposit account and apply it towards the unpaid rent. Both Newbert and Sobolewski claim that Burke concurred. Burke admitted visiting the Merrimac House in the summer of 1994, but claimed that he did not meet Newbert until August or September, 1994 when Newbert came to his office with a utility bill.
The tenancy of Merrimac House was scheduled to terminate in September, 1994 and, at that time, the tenants were $2,800.00 in arrears with their rent. In August or September, 1994, Sobolewski authorized Newbert to apply the remainder of the security deposit towards the unpaid rent. Share contends that Sobolewski did not have authority to so instruct Newbert because Sobolewski ceased to be a resident of Merrimac House in 1993.
Share alleges that the defendants failed to pay the remainder of the security deposit to Share within thirty days of the termination of occupancy in violation of G.L.c. 186, §15B(4). Share also charges the defendants with failing to provide Share with a receipt for the security deposit in violation of G.L.c. 186, §15B(3)(a).
1. Share’s initial contention on this appeal is that the trial court erred in allowing the defendants’ summary judgment motion because the defendants failed to serve their motion at least ten days before the time fixed for the hearing as mandated by Dist./Mun. Cts. R. Civ. R, Rule 56(c). See generally, Chongris v. Board of Appeals of Andover, 17 Mass. App. Ct. 999, 1000 (1984). As the hearing was scheduled for February 12,1996, the court ordered the defendants to serve Share with their summary judgment motion by Friday, February 2, 1996. The defendants’ Rule 56 motion was filed and docketed on February 2,1996. The certificate of service attached to the motion states that the defendants served Share’s counsel by mail on the same day. However, the papers were not received until the following Monday, February 5, 1996, and the envelope containing them bore a February 5 postmark.
Pursuant to Dist./Mun. Cts. R. Civ. R, Rule 5(b), where service is made by mail, it is complete upon mailing. Davenport v. Broadhurst, 10 Mass. App. Ct. 182, 185 (1980).
Even if the motion was technically untimely because it was actually mailed, as opposed to only postmarked, on February 5, 1996, there was still no error. Rule 6(b) of the Dist./Mun. Cts. R. Civ. P. provides that the trial court may, “upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.” The defendants so moved at the commencement of the summary judgment hearing on February 12,1996, and there was no abuse of discretion in the court’s allowance of the defendants’ motion. Where, as in the instant case, the Rule 56 moving party’s procedural non-compliance did not affect the plaintiff’s opportunity to develop and prepare a response, the granting of Rule 6(b) relief is particularly appropriate. Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 317 (1988); USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 135 (1983); Goldman v. Whitten, 1991 Mass. App. Div. 187, 188.[4]
2. While Share may have had standing as an assignee under the terms of the promissory note to commence this G.L.c. 186, §15B suit, Share cannot successfully claim a *165 cause of action which the tenant-assignor did not first have. Sobolewski has never had a G.L.c. 186, §15B claim against Newbert because Newbert complied with all of the statute’s requirements.
It is undisputed that Newbert properly placed the security deposit into a separate savings account and timely provided a receipt to the tenant in compliance with G.L.c. 186, §15B(3)(a). Newbert was not required to give Share a receipt because Share was never a tenant.
Equally irrelevant is Share’s contention that Sobolewski had no authority to instruct Newbert to apply the security deposit to unpaid rent because Sobolewski had assigned his interest in the deposit to Share. Section 15B(4)(i) permits a landlord at the end of a tenancy to deduct unpaid rent from a security deposit. The statute does not require the landlord to obtain approval from anyone to do so. There was nothing improper about Newbert’s deduction, as it is undisputed herein that the tenants owed approximately $2,500.00 in unpaid rent. See Mellor v. Berman, 390 Mass. 275, 280 (1983); McGrath v. Mishara, 386 Mass. 74, 80 (1982).
Thus Newbert could not have violated the G.L.c. 186, §15B(4) requirement that a landlord return a security deposit, or any balance thereof, to a tenant because the entire amount of the security deposit was applied to the tenants’ rent arrearage. There was nothing left to return.
The trial court’s allowance of the defendants’ motion for summary judgment is affirmed. Appeal dismissed.
So ordered.

 Newbert is alternately characterized by the parties as Upright’s agent for the property and as the owner, together with defendant Lillian M. Newbert, of a fifty (50%) percent beneficial interest in the premises at the time in question. It is unnecessary to determine Newbert’s actual status, as no question of his authority to execute the lease in question, as landlord, was raised herein.

 The assignment clause stated: “5. The Borrower assigns all rights, claims and causes of action it may have against the Landlord of the dwelling referred to in paragraph 3 to the Alcoholism and Drug Abuse Foundation, Inc., for any monies held by said Landlord which represents advance rent and/or security deposit in an amount equal to or less than the balance on the within Note should the same be in default.”

 It was revealed at oral argument before this Division that the defendants had previously delivered to the plaintiff the very same Rule 56 affidavits and other materials, which raised the very same issues, in response to a prior co-defendant’s Rule 56 motion. Share could not, therefore, have claimed any surprise or prejudice by the late receipt of the summary judgment materials on February 5,1996.