**Reverse and Remand; Opinion Filed December 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01204-CV

### OLD REPUBLIC INSURANCE COMPANY, Appellant
### V.
### JOHN K. CROSS, Appellee

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 89859CC**

# MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Old Republic Insurance Company appeals from an adverse summary judgment granted in favor of John K. Cross on his affirmative defense of limitations. Among other things, Old Republic generally contends Cross failed to present competent summary judgment evidence to establish his limitations defense as a matter of law. For the reasons that follow, we agree with Old Republic. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

BACKGROUND

On December 16, 2013, Old Republic filed suit against Cross alleging he defaulted on a note owned and held by Old Republic. The note in question was executed by Cross in

connection with a home equity credit line that was secured by a junior lien on real property Cross owned in Massachusetts.

Cross filed a motion for summary judgment asserting that a Massachusetts two-year statute of limitations barred Old Republic's action.[1]  In his motion, Cross argued that because the property was sold on July 14, 2010 pursuant to a foreclosure sale held by the primary mortgage holder, Old Republic's lawsuit was time-barred.  Among the arguments in its response, Old Republic asserted Cross's motion should be denied because he presented no evidence to support when its cause of action accrued.  After a hearing, the trial court granted Cross's motion for summary judgment.  Old Republic filed this appeal.

ANALYSIS

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish when the plaintiff's action accrued.  *See KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).  "Accrual" refers to the date when a limitations period starts to run.  *See XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 634 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

In its first issue, Old Republic contends the trial court's summary judgment must be reversed because Cross presented no competent summary judgment evidence to establish his limitations defense.  Old Republic specifically asserts the evidence is incompetent because a

---

[1] The statute upon which Cross relies provides in relevant part:

> Actions on mortgage notes   . . . or on other obligations to pay a debt secured by mortgage of real estate, to recover judgments for deficiencies after foreclosure by sale under a power contained in the mortgage, and actions on such notes or other obligations which are subject to a prior mortgage, to recover the amount due thereon after foreclosure by sale of such prior mortgage under power contained therein, shall . . . be commenced within two years after the date of the foreclosure sale or, if the principal of the note or other obligation does not become payable until after the foreclosure sale, then within two years after the time when the cause of action for principal accrues.

MASS. GEN. Laws ch. 244, § 17A (West, Westlaw through ch. 136 2015 1st Ann. Sess.); *see also Talbot v. Traver*, 329 Mass. 356, 108 N.E.2d 540 (1952) (applying statute).

document attached to Cross's motion is unauthenticated and Cross's affidavit is conclusory and not based on personal knowledge. Although Old Republic further asserts it objected in the trial court to Cross affidavit's lack of competency, our review of the record does not support that assertion. The record citation on which Old Republic relies to support this contention is to its response to a previous motion for summary judgment which was never heard or ruled on by the trial court.

In the summary judgment motion at issue, Cross asserted that Old Republic's action accrued on July 14, 2010, the date the primary mortgage holder held a foreclosure sale on the property. As evidence to support his motion, Cross attached a letter dated May 28, 2010 addressed to him from a law firm representing the primary mortgage holder of the property stating, "PLEASE BE ADVISED SAID SALE HAS BEEN ADJOURNED UNTIL July 14, 2010 at 12 P.M. LOCAL TIME, ON THE PREMISES." Old Republic is correct that there is no authentication of the document. A defect in the form of authentication of a document can be waived, but the "complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal." *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.); *see Kotzur v. Kelly*, 791 S.W.2d 254, 257 (Tex. App—Corpus Christi 1990, no writ). We agree with Old Republic that the completely unauthenticated document is not competent summary judgment evidence.

> Cross also attached his sworn affidavit, which stated in its entirety:
>
> My name is John K. Cross. I am at least 18 years of age and of sound mind. I have personal knowledge of the facts alleged in Defendant's Second Motion for Summary Judgement. I hereby swear that the following statements in support of Defendant's Second Motion for Summary Judgment are true and correct.
>
> The mortgage at issue in this case was a secondary mortgage on a home I owned in Massachusetts. The primary holder foreclosed on the property, and it was sold

at foreclosure sale on July 14, 2010 per the correspondence I received from the mortgage holder's attorney on May 28, 2010.

Summary judgment affidavits must be made on personal knowledge and affirmatively show that the affiant is competent to testify to the matter stated therein. TEX. R. CIV. P.166a(f). An affidavit that, on its face, establishes the affiant's lack of personal knowledge is a defect of substance that may be raised for the first time on appeal. *See Washington DC Party Shuttle, LLC v. IGuideTours, LLC*, 406 S.W.3d 723, 733 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) (affidavit that fails to reveal basis for personal knowledge is defect of form that must be preserved by objection and ruling in trial court while an affidavit affirmatively showing lack of personal knowledge is defect of substance that may be raised for first time on appeal); *see also Bradley v. Mid-Century Ins. Co.*, No. 05-05-00856, 2006 WL 1545324 at *1 n.1 (Tex. App.—Dallas June 7, 2006, no pet.) (mem. op.).

In the case before us, Cross's affidavit affirmatively demonstrates his lack of personal knowledge on its face with respect to the date of the foreclosure sale. Cross attested only to what the May 28th letter told him. Moreover, the letter on which he relies does not state that the foreclosure sale actually occurred on July 14, 2010. Instead, it merely indicates that the foreclosure sale *was adjourned to July 14, 2010*. Cross's statement about when the foreclosure sale occurred based on a letter indicating the sale was rescheduled to July 14, 2010 is not an assertion of fact based on personal knowledge. Accordingly, Cross's affidavit is not probative summary judgment evidence as to when Old Republic's cause of action accrued. Because there was no probative evidence to support Cross's motion for summary judgment based on limitations, the trial court erred in granting the motion. Our resolution of this issue makes it unnecessary to address Old Republic's other arguments under its first issue or the arguments presented in its second issue.

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

141204F.P05

/David W. Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

OLD REPUBLIC INSURANCE
COMPANY, Appellant

No. 05-14-01204-CV          V.

JOHN K. CROSS, Appellee

On Appeal from the County Court At Law
No. 1, Kaufman County, Texas
Trial Court Cause No. 89859CC
Opinion delivered by Justice Evans, Justices
Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Old Republic Insurance Company recover its costs of this appeal from appellee John K. Cross.

Judgment entered this 7th day of December, 2015.